### MIAMI COCA-COLA BOTTLING CO. v. ORANGE-CRUSH CO.

(District Court, S. D. Florida. June 7, 1923.)

No. 281.

1. Contracts ⬯10(1)—Where consideration is exchange of mutual promises, there must be mutuality of engagement.

Where the consideration for a promise of one party is the promise of the other, there must be absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement; that is, both parties must be bound or neither will be.

2. Specific performance ⬯32(3)—Right of party to cancel contract held to destroy mutuality.

Where a contract giving complainant exclusive right to bottle and sell defendant's product in designated territory authorized complainant to cancel the contract at any time desired on giving written notice to defendant, there was a lack of mutuality which defeated complainant's right to enforcement of the contract, even if the contract were otherwise such as could be enforced by injunction.

In Equity. Suit by the Miama Coca-Cola Bottling Company against the Orange-Crush Company for an injunction, prohibitive and mandatory, to prevent cancellation of a contract. On defendant's motion to dismiss the bill. Motion granted, and decree dismissing the bill entered.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Lilburn R. Railey, of Miami, Fla., for complainant.
Kay, Adams & Ragland, of Jacksonville, Fla., for defendant.

CALL, District Judge. The complainant claims an exclusive and perpetual right and franchise to manufacture, bottle and sell Ward's orange crush in Dade and Broward counties by virtue of a certain contract or grant made February 4, 1922, by the defendant, copy of which is attached to the bill of complaint; that such right has been violated by defendant by declaring said right and franchise at an end, refusing to furnish concentrate from which such orange crush is manufactured; that complainant has complied with all the covenants to be kept by it; and that defendant contemplates entering into a contract with other persons to manufacture, bottle, and sell the product in the said counties. It then prays for an injunction, prohibitive and mandatory. The defendant moves to dismiss on several grounds; the third, fourth, and fifth grounds that there is no mutuality in the contract upon which the claim is based.

The instrument purports to convey a perpetual franchise to the complainant within the counties of Dade and Broward, upon the proviso that the bottler (the complainant) may upon giving written notice to the grantor (the defendant) cancel the franchise at any time desired. The grantor (the defendant) can cancel only in case any of the terms of the franchise are violated by the bottler (the complainant) upon written notice. It is this difference in the rights of the parties to cancellation which destroys the mutuality of the contract on which is based the contention of the defendant.

[1, 2] I understand the law to be, where the consideration for a promise of one party is the promise of the other, there must be absolute mutuality of engagement, so that each party has the right to hold the other party to a positive agreement. In other words, both parties must be bound or neither will be. Apply this principle to the instant case, where the complainant had the right to terminate the agency conferred by the contract at any time by a written notice, and there can be no doubt that the contract is wanting in mutuality as to remedies. Granting for the sake of argument that the present contract is of the class in which injunction would be issued, if each party could have the remedy, yet under the instant contract, if the parties were reversed the grantor (defendant) would be utterly remediless, for the complainant could, as soon as the application was made, give the written notice and terminate all contractual relations between the parties. I have gone over and carefully considered such of the authorities as I have access to, cited by the complainant, but these decisions are based upon a different principle than the one invoked in this case, and they are decisive of that principle. There are cases where an injunction will issue to restrain a violation of a severable negative covenant, like the case of Standard Fashion Co. v. Siegel-Cooper Co., 157 N. Y. 60, 51 N. E. 408, 43 L. R. A. 854, 68 Am. St. Rep. 749, or the violation of a contract of agency like case of Singer Sewing-Machine Co. v. Union Buttonhole & E. Co., Holmes, 253, Fed. Cas. No. 12,904, and also contracts for personal service; but none of these cases touch the

principle involved in the grounds of the motion to strike in this case. I am of opinion that the motion to strike the bill of complaint is well taken.

A decree dismissing the bill will be entered.