## HIND, ROLPH & CO. v. BERTAUT & CO. et al.

(District Court, E. D. Louisiana. November 4, 1925.)

### No. 17589.

**1. Contracts ⬤═10(4)—Contract held void for want of mutuality under statute.**

Contract for sale of sugar, containing stipulation, "Rejection by buyer, if accepted by seller, constitutes delivery," *held* void for want of mutuality, under Rev. Civ. Code La. arts. 2024, 2034.

**2. Contracts ⬤═10(4)—Want of mutuality not cured by partial performance.**

Where sale contract was lacking in mutuality, plaintiff seller's contention that, by partial performance in shipping the goods, defendant was estopped from questioning the validity of the agreement, was untenable.

At Law. Action by Hind, Rolph & Co. against Bertaut & Co. and others. On defendants' exceptions to petition. Exceptions sustained, and petition dismissed.

Richard B. Montgomery, of New Orleans, La., for plaintiff in error.

Denegre, Leovy & Chaffe, of New Orleans, La., for defendants in error.

BURNS, District Judge. Plaintiffs, Hind, Rolph & Co., pray for judgment in the sum of $25,072.63, with interest, against Bertaut & Co., as damages arising out of defendants' rejection of certain Saigon rice shipped by plaintiffs under a written contract of sale, which although otherwise binding on both sides, contains this stipulation: "Rejection by buyer, if accepted by seller, constitutes delivery."

The petition alleges that the shipment was made according to contract; that the rejection by defendants was not due to the quality of the rice, but because of a technical defect in certain papers or shipping documents; that as seller it did not accept defendants' rejection, but after notice did sell the rice; and the amount sued for is the difference between the contract price and the market price obtained.

[1] Defendants, in support of their exception of no cause or right of action, contend that the contract is null and void for want of mutuality, or, in the language of the Louisiana Civil Code, because it was contracted on a potestative condition. The Revised Civil Code of Louisiana, in article 2024, defines a potestative condition as follows:

"A potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."

And article 2034 provides:

"Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."

There is no practical difference between this and the general law of contracts that either both parties to a contract are bound, or neither is bound, and, where only one party is bound, the contract is to be held void for want of mutuality. In the case of Miami Coca-Cola Bottling Co. v. Orange Crush Co. (D. C.) 291 F. 102, the court held the contract invalid for want of mutuality, because it contained a provision giving the defendant the right to cancel the franchise at any time desired by it, whereas the grantor could cancel only in case any of the terms of the franchise were violated by the complainant. The court held:

"It is this difference in the rights of the parties to cancellation which destroys the mutuality of the contract on which is based the contention of the defendant. I understand the law to be, where the consideration for a promise of one party is the promise of the other, there must be absolute mutuality of engagement, so that each party has the right to hold the other party to a positive agreement. In other words, both parties must be bound or neither will be. Apply this principle to the instant case, where the complainant had the right to terminate the agency conferred by the contract at any time by a written notice, and there can be no doubt that the contract is wanting in mutuality as to remedies."

[2] The contention is also made by the plaintiffs that, by the alleged partial performance in shipping the goods, the defendant is estopped from questioning the validity of the agreement. This contention is answered by the reasoning in Robertson v. Garvan (D. C.) 270 F. 643–648:

"The claim that partial performance prevents the defendants from questioning the validity of the agreement is equally unconvincing. It could not render a contract valid which lacked mutuality. The only right a partial performance of an agreement without a consideration gives is that of recovery

of the value of anything furnished. The right of action in such a case is not in assumpsit on the contract, but in indebitatus assumpsit. If the buyers here had not exchanged mutual promises, which created a valid bilateral contract, they would only be liable to pay at the agreed price for such shipments of zinc as were made before they refused to take further deliveries. This is plain from the opinion of Circuit Justice Holmes in Sterling Coal Co. v. Silver Spring Bleaching & Dying Co., 162 F. 848, 89 C. C. A. 520, and of Judge Sanborn in Cold Blast Transportation Co. v. Kansas City Bolt & Nut Co., 114 F. 77, 52 C. C. A. 25, 57 L. R. A. 696, as well as from general principles."

My conclusion is that the contract here is void because of this potestative condition or want of mutuality, since according to the stipulation it is only when the buyer's rejection is accepted by the seller that it constitutes delivery. The seller, at his option, may refuse to accept rejection and thereby escape his obligation under the contract at will, whereas the buyer is conclusively bound to accept delivery for all practical purposes, or, if he rejects, be deprived of his remedy at the seller's pleasure.

In case No. 134362 of the civil district court, parish of Orleans, entitled American Trading Company v. Interstate Trust & Banking Company, where the contract contained the following clause: "Rejections made by buyer and accepted by seller cancels sale"—sustaining an exception of no cause of action based on the proposition that the contract was void for want of mutuality, the state (Louisiana) district judge said:

"Either these words mean nothing, or they mean exactly what they say. If they mean what they say, and so I take them, a condition will be presented whereby, if sugar fell in price, as it did in this case, the seller could and would tender the article sold, and profit to the amount of the drop in value; whereas, if, after one of these contracts were made, the price of sugar should double, it would be within the power, absolutely within the power, of the seller to tender an article so inferior that the buyer would be obliged to reject it. In a large transaction, involving millions, the acceptance of it would probably ruin him; but, when he is forced to reject it, all that the seller has to do is to accept the rejection and the contract is canceled. Courts, in my opinion, do not sit to enforce contracts of that kind. It is, in my opinion, as absolutely a potestative condition as though it had been couched in the

words of a proper example of a potestative condition, that the obligor obliges himself to do something if it pleases him to do it, because, under a contract worded as this, it is entirely at the pleasure of the seller whether he will fulfill it or not. For that reason I think that the exception filed by Martin is well taken, and it will be sustained, and the suit against him will be dismissed."

In the case at bar the effect of the stipulation is much the same, because all that the seller has to do to relieve itself of liability, as its interest, pleasure, or whim might dictate, is to tender an article so inferior to the buyer he would be obliged to reject it, and the buyer would be left with no remedy against the seller upon the latter's refusal to accept the rejection.

The exception of no cause of action will be sustained, and the plaintiffs' petition dismissed, at their cost.