541 So.2d 1204 (1988)
Charles ROSENBERG, Appellant,
v.
Cynthia LAWRENCE F/K/a Cynthia Rosenberg, Appellee.
No. 87-564.
District Court of Appeal of Florida, Third District.
December 13, 1988.
*1205 Sparber, Shevin, Shapo & Heilbronner and Nancy Schleifer and Marsha Rosen, Miami, for appellant.
Lapidus & Frankel and Richard Lapidus, Miami, for appellee.
Before NESBITT, DANIEL S. PEARSON, and JORGENSON, JJ.

ON MOTION FOR CLARIFICATION AND REHEARING
NESBITT, Judge.
We grant the appellant's motion for clarification and deny the appellee's motion for rehearing; vacate our previous opinion and replace it with the following:
Charles and Cynthia divorced in 1976 and in 1978 entered into an agreement to provide for the support of their sons. In pertinent part, the agreement provided:
The parties are equally desirous of providing for the health, education, maintenance and support of their four sons, notwithstanding that three of their sons have reached majority. To that end, each of Charles and Cynthia, promises the other, and each of the children, to share on an equal basis, the expenses of educating, maintaining, supporting and providing health care for each of their four children. In an effort to encourage consistent attitudes toward their children, the parties shall encourage the love and affection of the children for each other and shall consult one another before incurring a material expense which would be governed hereby.
Various disputes arose under this agreement. During earlier litigation, the parties entered into a modification of the agreement, which was incorporated into an amended final judgment entered on June 3, 1982, which provides in part:
This will confirm the understanding of both parties and their counsel that paragraph 8 of the Final Judgment, as it relates to Howard's conferring with both Plaintiff and Defendant before incurring, material, unusual or extraordinary expenses, means that neither Plaintiff nor Defendant will be obligated for any material, unusual or extraordinary expense to which he or she does not consent.
When the 1982 agreement was made, son Howard was enrolled in college. Subsequently, he withdrew from school, returned to Miami and began working. In September 1984, he commenced his college career anew at a different university. Without previous consultation, negotiation, or any consent from the father, Howard's mother paid all of his expenses in connection with his education, boarding, lodging, and maintenance from September 1984 through November 17, 1985, exclusive of a summer term, in an aggregate amount of $43,616.38. Thereafter, the mother demanded *1206 that the father reimburse her for one-half of those expenses. The father's defense to payment was that he had never been consulted, nor had he consented to the educational plan or any of the expenses. The trial court entered the money judgment against the father from which he appeals.
The parties' initial agreement to each bear one-half the cost of their sons' college education was in derogation of any parental duty after their sons attained their majority. Grapin v. Grapin, 450 So.2d 853 (Fla. 1984); French v. French, 452 So.2d 647 (Fla. 4th DCA 1984). As this case teaches, what benefits the parties are at liberty to bestow upon their adult children, they are also free to change or modify.[1]
Under the initial contract, the parties exchanged mutual promises to each defray one-half of son Howard's college education. The specific details of payment were to be implemented by [reasonable] negotiation. The 1982 amendment attempted to change the method by which the son was to obtain needed funds. Our initial opinion held that the failure of Cynthia to negotiate the plan and costs with Charles rendered the contract unenforceable. Charles's motion for clarification represented that the duty of consultation and negotiation was removed from the original agreement in order to avoid further acrimony between the parties. Cynthia conceded this point in her motion for rehearing. Due to the language employed and the parties' own interpretation of the agreement, we agree that the 1982 amendment terminated the duty of negotiation between the exspouses.
Where one party retains to itself the option of fulfilling or declining to fulfill its obligations under the contract, there is no valid contract and neither side may be bound. Miami Coca-Cola Bottling Co. v. Orange-Crush Co., 291 F. 102 (D.C.Fla. 1923), aff'd, 296 F. 693 (5th Cir.1924). "One who in words promises to render a future performance, if he so wills and desires when the future time arrives, has made no real promise at all." 1 Corbin on Contracts § 149 (1963). See also Port Largo Club, Inc. v. Warren, 476 So.2d 1330 (Fla. 3d DCA 1985) (vendor's contract obligation wholly illusory where he could breach contract with impunity); Young v. Johnston, 475 So.2d 1309 (Fla. 1st DCA 1985) and cases cited therein (where one party retains to itself the option of fulfilling or declining to fulfill its obligations under the contract, there is no valid contract and neither side may be bound); Spooner v. Reserve Life Ins. Co., 47 Wash.2d 454, 287 P.2d 735 (1955) (statement by insurance company that sales bonus was voluntary and could be withheld with or without notice rendered promise illusory and unenforceable). "An illusory promise is no promise at all as that term has been ... defined. If the expression appears to have the form of a promise, this appearance is `an illusion.'" 1 Corbin on Contracts § 16 (1963). "As a matter of course, no action will lie against the party making the illusory promise. Having made no promise, it is not possible for him to be guilty of a breach." 1 Corbin on Contracts § 145 (1963).
Under the 1982 modification, the parties were not "obligated for any material, unusual or extraordinary expense to which he or she does not consent."[2] Because payment was contingent upon each parent's consent to undertake an obligation, Charles and Cynthia's "promise" represented no more than an illusion which did not obligate either party to act. The illusory nature of each parent's promise made that promise void and the mother has *1207 no right to seek reimbursement based on that illusory commitment, either by way of direct action for breach or under an estoppel theory. See 1A Corbin on Contracts § 201 (1963) (action in reliance on a supposed promise creates no obligation on a man whose only promise is wholly illusory). Their "obligation" meant nothing more than, "I will if I want to."
Additionally, the mother asserts that a separate statement in the 1982 agreement established that she could pay her son's American Express bills and be compensated by the father for his one-half share regardless of the father's prior consent. This is an unreasonable reading of the clause. The provisions of an agreement should be construed in accord with reason and probability as gleaned from the whole agreement and its purpose. Arthur Rutenberg Corp. v. Pasin, 506 So.2d 33 (Fla. 4th DCA 1987). The statement concerning the son's use of the mother's American Express card went to method of payment, not to the father's right to give or withhold consent. As such, this statement must also be deemed illusory except in emergency situations where no consent was required.
The consent requirement and our concomitant illusory promise analysis of Charles and Cynthia's 1982 agreement go to all future expenses of son Howard. The balance of obligations set out in that agreement were severable legal promises and remain unaffected by this court's determination. See Wilderness Country Club v. Groves, 458 So.2d 769 (Fla. 2d DCA 1984) (contract severable where valid legal promises remain after elimination of invalid portions of agreement). The only severable obligation as to Howard not contingent on parental consent was each parent's promise to pay one-half the agreed allowance of $250 for each school month. This was an unconditional promise to pay for which either Cynthia or Howard has a cause of action. See Massey v. Massey, 443 So.2d 294 (Fla. 3d DCA 1983); Brown v. Brown, 484 So.2d 1282 (Fla. 4th DCA 1986).
Based upon our decision, Cynthia's request for attorney's fees, pursuant to section 57.105, Florida Statutes (1985), is denied.
For the foregoing reasons, the trial court's order finding the father responsible for one-half of the son's expenditures is reversed and the cause remanded with directions for the mother to receive payment for the outstanding allowance funds only.
NESBITT and JORGENSON, JJ., concur.
DANIEL S. PEARSON, J., concurs in the result only.
NOTES
[1] The rights of creditor-beneficiaries are not before us.
[2] One point of disagreement is the proper interpretation of the term "material." Although "material" could be defined in a limiting fashion to mean substantial or noticeable, here, in observing the way the parties provided for the son, the appropriate definition is as "essential," comprising all those expenses which could not be covered by the $250.00 allowance separately allotted.