308 So.2d 24 (1975)
W. Emory DAUGHERTY, Petitioner,
v.
Georgette DAUGHERTY, Respondent.
No. 45587.
Supreme Court of Florida.
January 22, 1975.
Rehearing Denied March 5, 1975.
*25 Edmond W. Frank, Miami, for petitioner.
Roberta Fulton Fox, of Gold & Fox, Coral Gables, for respondent.
RUDD, Circuit Judge.
This cause is before the Court on petition for writ of certiorari based on an alleged conflict with the decisions in King v. King, 271 So.2d 159 (Fla.App.1st, 1973); Eaton v. Eaton, 238 So.2d 166 (Fla.App. 4th, 1970), and Perla v. Perla, 58 So.2d 689 (Fla. 1952). Pursuant to Fla. Const., art. V, § 3(b)(3), F.S.A., we have jurisdiction.
On June 13, 1969, the Circuit Court in and for the Eleventh Judicial Circuit, entered a final judgment of divorce, incorporating a property settlement agreement wherein the husband agreed to pay the wife the sum of $60.00 per week as child support "except that as each of the three children attains the age of majority, marries, becomes self-supporting or deceased, said payments would be reduced by $15.00 per week."
On June 13, 1969, the date of the final judgment described above, "the age of majority" meant 21 years of age.
On July 1, 1973, Fla. Stat. § 1.01(14), F.S.A., changed the definition of "majority" and "minority" so that a minor was defined as "a person who has not attained the age of 18 years."
The husband on July 1, 1973, stopped making support payments for the 19-year-old child of the parties, and shortly thereafter the wife brought proceedings to enforce the support provisions of the final judgment.
The trial court found that by operation of law, the husband's obligation to make support payments to the 19-year-old ended when Fla. Stat. § 1.01(14), F.S.A., became effective, notwithstanding the agreement. The wife appealed.
The District Court of Appeal, Third District, properly reversed the trial court.
Fla. Stat. § 1.01(14), F.S.A., provides:
"Section 1. Subsection (14) of section 1.01, Florida Statutes, is created to read:
"1.01 Definitions

"In construing these statutes and each and every word, phrase, or part hereof, where the context will permit:
"(14) The word `minor' includes any person who has not attained the age of 18 years.
"Section 2.
"The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older and they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older except as otherwise excluded by the Constitution of the State of Florida immediately preceding the effective date of this act. Provided, however, this act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and provided further that any crippled child as defined in chapter 391, Florida Statutes, shall receive benefits under the provisions of said chapter until age 21, the provisions of this act to the contrary notwithstanding.
"Section 3.
"This act shall operate prospectively and not retrospectively and shall not affect the rights and obligations existing prior to the effective date of this act."
Nothing contained in Section 2 above prohibits support payments to one over 18 years.
Section 3 clearly states that the provisions of this statute were to be construed prospectively and not retrospectively.
It is the view of this Court that the Legislature was most explicit in determining not to disturb previous orders of support. To have done otherwise would have caused court review of innumerable cases, disruption of family budgets, education, and other plans.
*26 It is hardly conceivable that husband-petitioner herein could have anticipated the age reduction by the Legislature and intended support only to the reduced age of 18.
Accordingly, the decision of the District Court of Appeal is approved.
This Court has also considered respondent's motion for attorney's fees. It is the view of this Court that respondent is entitled to reasonable fees for the services of her attorney in this appeal, the amount of which should be set by the trial judge.
Nothing contained herein shall be construed as impairing or restricting the inherent authority of the trial court to modify or amend orders of child support when a material change in circumstances has occurred, and based on the need of the child and the ability of the parent to pay.
The writ of certiorari heretofore issued in this cause is discharged and the cause is remanded to the District Court of Appeal with directions to remand to the trial court for further proceedings consistent herewith.
It is so ordered.
ADKINS, C.J., and ROBERTS, McCAIN and OVERTON, JJ., concur.