McCORD, Judge.
This is an interlocutory appeal from an order of July 10, 1975, modifying a final judgment of dissolution of marriage and an order of August 5, 1975, on motion for clarification of the order of July 10.
A final decree of divorce was entered in the action below on November 9, 1961, and by it the husband was ordered to pay child support for the two children of the marriage (then ages one and three) in the amount of $90 per month per child until further order of the court. In 1975 the mother, by motion to modify the final decree sought an increase in child support and the court, by its above mentioned or *539 der of July 10, increased such support to $140 per month per child until such child becomes of age, is self-supporting or marries. Thereafter, on July 25, appellant filed a petition for clarification of the support order and the trial court entered its above referred to order of August 5, 1975, ruling that the order of July 10 “contemplates that support will cease upon a child becoming 18 years of age.” The trial court further stated that in increasing the child support, it “had in mind that under existing law the support for each child would terminate upon such child becoming 18 years of age. The amount of support was to some extent based upon the fact that support for Frances Elizabeth Ely would be for less than one year and support for the other child would be for approximately three years. If support is to be paid until each child becomes 21, then it would be substantially less than the amount ordered.” The trial court misconstrued the law as stated by the Supreme Court in Finn v. Finn, Fla., 312 So.2d 726 (1975), and Daugherty v. Daugherty, Fla., 308 So.2d 24 (1975). The final decree of divorce was entered at a time when support continued until a child reached 21 years of age unless the child married or ceased to be dependent. As the Supreme Court held in Finn and in Daugherty, § 1.01(14), Florida Statutes, (which became effective on July 1, 1973, and changed the definition of “majority” and “minority” so that a minor was defined as a “person who has not attained the age of 18 years,”) did not disturb previous orders of support. The Supreme Court said in Finn:
“. . . The mere chronological passing to the 18th anniversary of the birth of the sons does not automatically change a court order which either by its terms or by implication would be operative until the 21st birthday.”
Here the final judgment would be operative as to the support of each offspring until his or her 21st birthday unless he or she marries or ceases to be dependent under the guidelines of dependency as set forth in Finn. If either of the offspring ceases to be dependent or becomes less dependent in the future, the court will be open to modify the support payments at that time.
Reversed and remanded with directions to reconsider in the light of this opinion and the opinions of the Supreme Court in Finn and Daugherty.
MILLS, J., concurs.
RAWLS, Acting C. J., concurs specially.