DAUKSCH, Chief Judge.
We reverse the summary judgment in this personal injury case because the record shows material disputed facts left unresolved by the entry of the judgment. Among the material facts in dispute is whether the appellee owed a duty to appellant to prevent water from accumulating at the place where the appellant slipped and injured himself. There is also a dispute as to whether it was the breach of the alleged duty which caused the accident. Ryder says it was under no duty to make repairs to the alleged faulty refrigeration unit but appellant says Ryder was so obligated. Ryder says there is no proof its action or inaction caused the injury; appellant says otherwise.
Since Ryder has failed to carry its burden under Holl v. Talcott, 191 So.2d 40 (Fla. 1966), and the many cases following Holl, we must reverse the summary judgment and remand this negligence case for further proceedings. Squitieri v. Aetna Casualty & Surety Co., 382 So.2d 730, Case No. 00-486/T1-149, (Fla. 5th DCA, March 19, 1980).
REVERSED AND REMANDED.
ORFINGER and UPCHURCH, JJ., concur.