384 So.2d 1295 (1980)
Nancy D. HOLMES, Appellant,
v.
Charles D. HOLMES, III, Appellee.
No. 79-1859.
District Court of Appeal of Florida, Second District.
May 30, 1980.
As Modified On Denial Of Rehearing and Clarification June 25, 1980.
Robert P. Rosin of Rosin, Abel, Band, Brown & Russell, Chartered, Sarasota, for appellant.
Henry P. Trawick, Jr. of Trawick & Griffis, P.A., Sarasota, for appellee.
CAMPBELL, Judge.
The former wife, Nancy D. Holmes, appeals the lower court's judgment on her motion for contempt, seeking to enforce certain provisions of the final judgment of dissolution of marriage dated August 19, 1971, which incorporated an agreement between the parties providing for, among other things, alimony and child support and medical and educational benefits for the children of the parties. The former husband, Charles W. Holmes, III, cross-appeals.
The wife's motion for contempt sought relief in regard to the husband's failure to pay past due alimony and child support, failure to pay medical expenses incurred for the four children of the parties, failure to pay to the wife on behalf of the children necessary expenses for their college education, and failure to provide the wife with a major medical insurance policy. The court entered its judgment on August 16, 1979, and awarded the wife $846.83 for past due alimony and child support, $500 toward medical expenses for the children, and required the husband to pay the premiums on one of two designated medical insurance policies to be chosen by the wife.
*1296 However, the trial court's judgment dismissed that portion of the wife's motion for contempt which sought to compel the husband to pay to the wife the college education expenses for three of the children, holding, under the authority of Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978), that because the three children were over the age of eighteen, they must file an action in their own behalf to enforce the agreement between husband and wife for their education expenses. We affirm the trial court in all but its dismissal of the wife's motion regarding the college education expenses of the children and reverse in that respect.
At the time of the trial court's judgment on the motion for contempt, two of the three children to which the college education issue pertained were twenty-one and the third was twenty years of age. All three are twenty-one at this time.
The agreement between the husband and wife in 1971 provided for the wife to have custody of the children and for the husband to pay to the wife twice a month a sum certain designated for the support and maintenance of the wife and children. It also provided that upon emancipation of any child that sum would be modified, emancipation being defined as follows:
"Emancipation of a child" as used in this agreement shall mean that time when a child either: (a) marries, (b) permanently leaves Wife's place of residence, (c) becomes financially self-supporting, (d) attains the age of 21 years, provided that she is not then actively pursuing a full time college education, or (e) terminates by graduation or otherwise her pursuit of higher education, including college, advanced and professional education and is 21 years or older.
It is clear from those terms that the age of the children was not to be the determinative factor in regard to their "emancipation."
The agreement specifically provided for the children's college education under a section entitled "Additional Support for Children", which reads:
Husband further agrees to pay all expenses reasonably necessary in connection with the college and professional education of such of the children as desire to pursue same, including tuition, books, room, board and incidental expenses; provided, that Wife shall have consulted Husband and obtained his approval with respect to the selection of the college or university in which such education is to be pursued.
That provision obviously contemplates the wife being primarily responsible for the selection process of a college for the children's education, subject to the husband's approval.
The trial court's reliance on Kern v. Kern, supra, was misplaced. There the wife had filed for modification of the child support provisions of a final judgment of dissolution of marriage, seeking to require the husband to provide for the college education of the adult children of the parties where there had been no agreement to do so and the final judgment did so provide. The district court there held that absent an agreement, a divorce court had no jurisdiction to require a parent to furnish an adult child with support in the form of a college education. In a footnote to that holding, the court emphasized: "Nothing in this opinion should be construed as limiting the power of a court to enforce a stipulated-to agreement between the parties in a dissolution proceeding." 360 So.2d at 486, n. 6.
Here the agreement between the parties specifically contemplated that the husband would pay the college education expenses of the children beyond the age of twenty-one if necessary. The wife has standing to seek enforcement of that provision, both by reason of her being the custodial parent of non-emancipated children and by reason of being the contracting party to the agreement so providing. This is in accord with the recent decision of Fagan v. Fagan, 381 So.2d 278 (Fla. 5th DCA 1980).[1]
*1297 We, therefore, AFFIRM in part and REVERSE in part and remand for treatment consistent with this opinion.
GRIMES, C.J., and SCHEB, J., concur.
NOTES
[1] The same rationale would, of course, apply to enforcement of any amounts due for child support until the emancipation of the children as defined in the agreement.