399 So.2d 1044 (1981)
Herschel SHEPARD, Appellant,
v.
CITY OF PALATKA and Joseph Rothenberg and United States Fidelity & Guaranty Company, Appellees.
No. 80-974.
District Court of Appeal of Florida, Fifth District.
June 10, 1981.
Carl D. Dawson of Dawson, Galant, Maddox, Sulik & Nichols, P.A., Jacksonville, for appellant.
No appearance for appellees.
FRANK D. UPCHURCH, Jr., Judge.
Herschel Shepard appeals from a summary final judgment entered against him. Appellee, the City of Palatka, retained Shepard as its architect for the repairing and remodeling of the Bronson-Mulholland House in Palatka. Appellee, Joseph Rothenberg, was the contractor selected to do the work. Appellee, United States Fidelity and Guaranty was Rothenberg's surety.
After completion of the work, veneer plaster began to peel away from the plaster wallboards because a special type of wallboard necessary to assure adhesion had not been installed. The city contended that the special type of wallboard (one-half inch Imperial Plaster Base, Type X, paragraph 9F-3C) was mandated by the job specifications. The contractor, in his deposition, acknowledged that he had not used this board but instead used a finishing board, fire resistive, type X, throughout. He contends that the specifications permitted either to be used and that the fire resistant board was approved on the job.
The city sued Shepard claiming he was negligent in the preparation of plans and specifications and also charged that he failed to make timely and proper inspection of Rothenberg's work. The city also sued Rothenberg and his surety for negligent failure to follow the plans and specifications. Shepard cross-claimed against Rothenberg for indemnification. Summary judgment was granted to the city against all three defendants on the issue of liability.
The city, as the party moving for summary judgment, was required to show that there exists no genuine issue of material fact and that it was entitled to judgment as a matter of law. Every reasonable inference was required to be drawn in favor of Shepard. Wills v. Sears Roebuck & Co., 351 So.2d 29 (Fla. 1977); Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
In Palm Bay Towers Corp. v. Crain & Crouse, Inc., 303 So.2d 380, 383 (Fla. 3d DCA 1974), the court enunciated the standard of care owed by an architect to his employer:
As a general rule, an engineer, like an architect, owes his employer a duty to exercise and apply his professional skill, ability and judgment in a manner which is reasonable and without neglect.
As to the question of whether there was a failure to make timely and proper inspection *1045 of Rothenberg's work, it is necessary to consider the duty of the architect as specified in the contract which provided:
The Architect shall make periodic visits to the site to familiarize himself generally with the progress and quality of the work and to determine in general if the Work is proceeding in accordance with the Contract Documents. On the basis of his on-site observations as an architect he shall endeavor to guard the Owner against defects and deficiencies in the work of the Contractor. The Architect shall not be required to make exhaustive or continuous on-site inspections to check the quality or quantity of the Work. The Architect shall not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work, and he shall not be responsible for the Contractor's failure to carry out the Work in accordance with the Contract Documents.
The Architect shall not be responsible for the acts or omissions of the Contractor, or any Subcontractors, or any of the Contractor's of the Subcontractors' agents or employees, or any other persons performing any of the Work.
In a proper factual situation, where it is demonstrated that the architect ignored his contractual duty to make periodic visits to the site, liability could possibly lie regardless of such exonerating language. Such was not the case here, however. The architect's deposition reflected that he had made inspections. While he admitted that he had not discovered the misuse of the wallboard, the contract clearly protected him because it imposed no duty upon him to discover the omission of the contractor and clearly absolved him of liability if there were, in fact, such omissions.
The other question was whether the architect was negligent in the preparation of plans and specifications.
Shepard, in his cross-claim against the contractor, Rothenberg, alleged that Rothenberg had failed to follow the plans and specifications. Rothenberg denied and alleged that he had followed the plans and specifications.
The court did not determine liability as between Shepard and Rothenberg. If it is ultimately determined that Rothenberg did follow the plans and specifications, the conclusion is inescapable that Shepard was negligent in their preparation and would be liable to the city. On the other hand, if it is determined that Rothenberg did not follow the plans and specifications then Rothenberg would be liable to the city but Shepard would not. The jury could also find each liable to some extent under a comparative negligence theory. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
We conclude, therefore, that the entry of summary judgment, even though limited to the issue of liability was erroneous. There is an issue of fact as to whether the architect was negligent in the preparation of the plans and specifications. There is also an issue of fact as to whether the contractor complied with the plans and specifications. Whether either the contractor or architect or both are liable to the city cannot be determined as a matter of law at this stage of the case. We must REVERSE.
SHARP and COWART, JJ., concur.