415 So.2d 738 (1982)
Beverly CRONEBAUGH, Appellant,
v.
Rufus Oscar VAN DYKE, Jr., Appellee.
No. 80-1267.
District Court of Appeal of Florida, Fifth District.
May 12, 1982.
Rehearing Denied June 23, 1982.
*740 Robert L. Thomas, Apopka, for appellant.
Hubert W. Williams of Robertson, Williams, Duane, Lewis, Briggs & Ranson, P.A., Orlando, for appellee.
COWART, Judge.
Appellant, the former wife, sued appellee, her former husband, for alleged arrearages in child support. The trial court entered summary judgment for the father and dismissed the cause, ruling the mother did not have standing to enforce the alleged arrearage because, at the time the child support payments were supposedly not paid, the "children" were over eighteen years of age and able to sue in their own right. We affirm.
The parties were divorced in 1964. The dissolution decree incorporated an agreement which provided that the father would pay child support for the parties' three children in the mother's custody until each child attained majority, died, married or became self-supporting. The final decree also provided that the father would pay the costs and expenses incurred by each child in attending a college or university.
The appellee father paid to the appellant custodial mother the stipulated child support for each child until the particular child reached 18 years of age and even thereafter until the particular child moved away from the mother's home and into his own apartment or fraternity house in September following his 18th birthday.[1] Thereafter the father paid the required support amount and costs and expenses of college directly to the child. The mother waited until after the two oldest children had each received directly from their father "monies far in excess" of the father's formally adjudicated support obligation and were both over 21 years of age; then the mother sued the father for the amount of support due under the support judgment for the three years she did not receive the support payments, saying that by the terms of the final judgment her right to receive the child support accruing after the child was 18 years of age was vested in her. The father maintained that he had satisfied his obligation by his payments directly to the children, rather than through their mother. The mother moved for summary judgment, admitting the father had paid the support directly to each child, but asserting that the support obligation was due her. The father filed a motion for judgment on the pleadings or alternatively a motion to dismiss for failure to state a cause of action, arguing that, with regard to support obligations admittedly due a "child" between the ages of 18 and 21, enforcement rests with the child and therefore the mother did not have standing to sue. On these facts and procedural setting the trial court granted summary judgment for the father.[2]
The trial court's order can be affirmed on either of two grounds. First, the trial court correctly determined that the wife lacks standing to enforce any support *741 obligation due the child after the child turns 18. A minor child has a legal right to support from both parents in keeping with its needs and the parents' ability. This parental duty to support a minor child is created by law, exists before[3] and after dissolution of the marriage to which the children were born, and is independent of any settlement agreement made attendant upon dissolution. The parents' obligation of support cannot be bargained or stipulated away by parents so as to deprive the minor of the benefit thereof.[4] However, a minor is under a disability of nonage that prevents the minor from suing to enforce its own rights. While it is under the disability of minority, the child's right to support must be enforced by a legal representative, such as a guardian or other like fiduciary, a guardian ad litem or a next friend,[5] but more commonly it is enforced against one parent by an opposing parent, as natural guardian, or by a governmental agency.[6] In each event, the recipient of the child support receives the support monies, not in his own right or for his own benefit, but in trust for the cestui que trust, who is the child. Child support is a right that belongs to the child.[7]
The same event that removes the child's disability  its arrival at the age of majority  is usually the same event that terminates the parents' duty to support. Hence, the problem of an emancipated child suing his or her parent for nonsupport would normally never arise. However, the enactment of section 743.07(3), Florida Statutes (1973), allows such a result. Section 743.07(3) does not affect rights and obligations existing prior to July 1, 1973, and the father's prior duty of support is therefore not affected. However, the effect of section 743.07(1), Florida Statutes (1973), is to remove the disability of nonage of persons who are 18 years of age[8] and enables them to enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older. This means a person 18 years of age or older has the right to receive, and to assume the management of, his own estate, to contract and to be contracted with and to sue and to be sued. This effectively gives such person a new remedy  the right to sue in his own name to enforce his own legal rights. By virtue of this statute, young adults become legally emancipated, sui juris and can no longer accurately be said to be in the custody of either parent.
Provisions in dissolution settlement agreements relating to payment of child support, even when incorporated by reference in final judgments, serve only to formalize and document the promisor's pre-existing legal duty of support, to state the frequency and amount of periodic payments, theretofore unliquidated, which at that time the relevant parties agree will discharge the promisor's support duty and to recognize who is to receive the support on behalf of the minor. The recipient receives the sums as trustee for the children. That such agreements are not the basis for the right to child support is demonstrated by the fact that they are subject to modification by the court as to these provisions.[9] If support orders, whether based on settlement agreements or not, were personal to the minor's custodian, who is the usual recipient, the obligation would not survive the death of the designated payee and this is not true. The trustee nature of the recipient of child support is also illustrated by the last sentence in section 61.13(1), Florida Statutes (1979), which provides that the court entering the support can require "the person or persons awarded custody of the child or children to make a report to the *742 court on terms prescribed by the court as to the expenditure or other disposition of said child support payments." The law does not require one to account for his own personal funds.
To the extent that in an agreement a parent may, as here, agree to pay sums for the benefit of a child which are in excess of the duty imposed by law, such as the cost of higher education, the child, who is a third party donee beneficiary of any such executory contract, has a vested pecuniary interest in performance. In cases of this sort, as in contract law generally, it is the beneficiary, not the promisee, who is entitled to performance and who, subject to defenses and conditions, has a cause of action against the promisor and who is entitled to receive the performance which discharges the obligation.[10] Since child support is truly a right of the child and can be enforced by the child once he or she turns eighteen, the wife in the present case does not have standing to sue.[11]
In relying on Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978), the trial court relied on the following passage:
The award of child support, although made to the mother as the child's natural guardian, is solely for the benefit of the child, who, because of the disability of non-age, lacks the legal status to bring suit directly against his parent for support. Under Florida law, when a child reaches eighteen years of age, this disability of non-age is removed, and if an obligation of support exists, the child may proceed in his own right in a court of competent jurisdiction to establish such obligation. See Rudnick v. Solomon, 311 So.2d 385 (Fla. 3d DCA 1975). The parent who formerly had legal custody of the child has no pecuniary interest in such litigation. Thus, once a normal child reaches majority, a parent has no standing to seek support money for that child in the courts of this state. 360 So.2d at 485.
This appears to be a good and applicable statement of law. A person who has reached the age of 18 can no longer accurately be called a child. Instead, he or she is a young adult who can remove himself from the custody of his mother. Although the supreme court has interpreted agreements to pay support until majority to mean until 21,[12] once the child reaches 18 he can enforce this support obligation himself.
Notwithstanding the standing issue, the trial court's summary judgment can be affirmed on the issue of payment. In this case there is no issue but that the father had paid the sums due after the children reached 18 years of age directly to the children when they moved away from home.[13] This payment satisfied and discharged the father's duty. This was sufficient alone to justify the summary judgment entered by the trial court. However, realizing that the children were not parties to the cause, the able trial judge carefully provided that the dismissal of the mother's cause was "without prejudice to the recipient of the obligation to seek enforcement in a separate action."
The trial court was correct in granting the father's motion for summary judgment and the order is hereby
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs specially with opinion.
SHARP, J., dissents with opinion.
*743 FRANK D. UPCHURCH, Jr., Judge, specially concurring:
I do not interpret the majority opinion as limiting in any way the right of parties to contract in a dissolution agreement or to prohibit the enforcement of the agreement upon its breach. In this case, support was payable until the children reached "majority." However, the age of majority was changed after execution of the agreement. While the obligation of support which arose pursuant to the agreement was to continue until the affected children reached twenty-one years, Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975), the children were no longer minors and had acquired all the rights and privileges of adults. As adults, they themselves could contract, give acquitances, sue in their own right and live where they wished. Conversely, the "custodial" parent had no further legal duty to the newly emancipated children, although the parent may have voluntarily continued to support or maintain a home for the individual.
While I concede that a custodial parent may make financial commitments for the benefit of his or her children, such as car or house payments, and should be allowed to do so as suggested by the dissent, I disagree that the majority opinion obliterates this right. The only requirement is that such eventuality be anticipated in the dissolution agreement. In the event that it is anticipated, I see no obstacle to its enforcement created by the majority opinion.
SHARP, Judge, dissenting.
I dissent in this case because under principles established by the Florida courts to handle "limbo" dissolution decrees[1] (like the one involved in this case), the custodial parent still should have standing to enforce the child support obligation, even though the children have attained eighteen years of age.
These parties were divorced in 1964. The final judgment (allegedly based on an agreement by the parties) entered by Judge W. Troy Hall, Jr. provided:
7. The Defendant shall pay to the plaintiff as child support for the three children ... the sum of $125.00 per month[2] for each child who is living with the Plaintiff and who is a minor. Such child support payments shall continue even though the child is away from the home of the Plaintiff temporarily such as at camp, school or vacation. ... (Emphasis supplied).
* * * * * *
10. The Defendant shall pay the costs and expenses incurred by each child in attending a college or university.
In 1980, the former wife and mother brought suit to collect arrearages in child support due for the two older boys, Rufus and Keith, who at the time of this litigation were over twenty-one years of age. She alleged by verified pleadings that she had not received the bulk of the child support payments which accrued while they were between eighteen and twenty-one years of age  some eight thousand dollars ($8,000).[3] The appellee (Rufus Van Dyke) asserted three affirmative defenses[4] in his pleadings and deposition based on his claim that he had paid the full amount of the child support directly to the respective children after they went to college and lived (during the school year) in their fraternity houses and apartments, and that this course of action was taken by him with his former wife's knowledge and acquiescence. In her verified reply, the appellant, Mrs. Cronebaugh, alleged she had made repeated demands for payment and had not agreed to this arrangement.
*744 At this point, appellee moved for a Judgment on the Pleadings or Motion to Dismiss for Failure to State a Cause of Action, on the sole ground that appellant lacked standing to enforce the child support obligation after the children attained the age of eighteen years. I cannot agree with the majority opinion that the trial court reached (or should have reached) the merits of any of the appellee's defenses (including payment) since that was denied by appellant's verified pleadings,[5] nor did the argument of counsel and statements of the court at the hearing on the motion address them.[6]
If a child support obligation can be fully discharged by payment to a person not specified in the dissolution judgment, that makes it, for all practical purposes, unenforceable by the former spouse. Note number 11 of the majority opinion ignores the realities of its decision. Whether or not the payments were made, whether required by a judgment or an agreement, the former spouse will not be able to enforce them because this opinion holds she lacks standing to sue. Further, the majority ignores the realities that a former spouse often has made financial commitments for the benefit of her children, such as car payments and house payments, which I think she should be allowed to do.[7] The majority opinion obliterates this right.[8]
The effect of this decision is to modify retroactively, the "limbo" dissolution decrees, which I think, is contrary to Florida law. It is well established that separation agreements and dissolution judgments effective before July 1, 1973, which require child support payments until a child is twenty-one or until he attains his "majority" are enforceable until the child reaches the age of twenty-one (21). Section 743.07(1), Florida Statutes (1973), which changed the age of "majority" to eighteen (18), has no effect on the rights and obligations of parties under a dissolution judgment, prior to its effective date. Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975); Burgdorf v. Burgdorf, 372 So.2d 988 (Fla. 2d DCA 1979); Hoffman v. Hoffman, 371 So.2d 1061 (Fla. 3d DCA 1979). Swallick v. Swallick, 351 So.2d 1119 (Fla. 4th DCA 1977). In each of these cases the party seeking enforcement of a child support obligation was the mother (or former wife) and the children were over eighteen (18) years of age.
The lower court relied upon Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). I agree with Holmes v. Holmes, 384 So.2d 1295, *745 1296 (Fla. 2d DCA 1980), that Kern does not apply to this case:
The trial court's reliance on Kern v. Kern, supra, was misplaced. There the wife had filed for modification of the child support provisions of a final judgment of dissolution of marriage, seeking to require the husband to provide for the college education of the adult children of the parties where there had been no agreement to do so and the final judgment did [not] so provide. The district court there held that absent an agreement, a divorce court had no jurisdiction to require a parent to furnish an adult child with support in the form of a college education. In a footnote to that holding, the court emphasized: `Nothing in this opinion should be construed as limiting the power of a court to enforce a stipulated to agreement between the parties in a dissolution proceeding.' 360 So.2d at 486, n. 6. (Emphasis supplied).
In this case, the agreement between the parties contemplated the former husband would pay child support to the wife while the children were in college,[9] until they reached twenty-one (21) years of age, or became emancipated in other ways not applicable. Prior to 1973 the former wife had standing to enforce that obligation and receive the payments because she was the custodial parent of the non-emancipated children, and because she was a party to the agreement which is the source of Van Dyke's obligations. Neither her right to enforce nor Van Dyke's obligation to pay should be affected by section 743.07(1), Florida Statutes (1973).[10] The fact that a child attains eighteen years should not make the child support obligation unenforceable by the former spouse, whether it is a post 1973 dissolution judgment or not.[11] The fact that an ostensibly third party beneficiary (the child) can, if it chooses, enforce an agreement incorporated in a judgment, should not deprive one of the parties in privity (the wife in this case) of the right to enforce the provisions of that same agreement or judgment.
NOTES
[1] Rufus Oscar Van Dyke III was born January 15, 1957 and Keith Camper Van Dyke was born February 9, 1958. Appellant sought to recover child support for Rufus from September 1975 through January 1978 and sought to recover child support for Keith from September 1976 through February 1979. When the instant complaint was filed (March 10, 1980), Rufus was 23 years old and Keith was 22 years old.
[2] The judge's order specifically states:

Upon consideration it is ORDERED that: It appearing that all claims for past due support accrued subsequent to the child obtaining majority age, the legal right to enforce such obligation rests with the child, not with the mother.
Summary Judgment is GRANTED and cause is DISMISSED, without prejudice to the recipient of the obligation to seek enforcement in a separate action.
See: Kern v. Kern, 360 So.2d 482 (4 DCA  1978).
DONE AND ORDERED in Chambers at Orlando, Florida, this 8th day of September, 1980.
[3] See § 61.09, Fla. Stat. (1979).
[4] Isaacs v. Deutsch, 80 So.2d 657 (Fla. 1955).
[5] See Fla.R.Civ.P. 1.210(b).
[6] See §§ 409.2564, 88.101, 88.181(2), Fla. Stat. (1979).
[7] Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979).
[8] See also § 1.01(14), Fla. Stat. (1979) (defining "minor" as any person who has not attained the age of 18 years).
[9] See § 61.13(1), Fla. Stat. (1979).
[10] See generally 4 A. Corbin, Contracts, §§ 774, 776, 779A, 811, 812 (1951).
[11] This opinion does not address the situation where one spouse by contract with the other has agreed to support his or her adult child but has failed to pay or provide such support. For example, where a husband has agreed to pay the costs of a college education, or to pay a wife the cost of maintaining a home for such child past its 18th birthday.
[12] Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975).
[13] Not only does the record contain the father's deposition testimony, but the wife's motion for summary judgment admits the father made the support payments directly to each child when he became 18 and moved off to college and the wife's counsel conceded this fact at the hearing on a motion for rehearing.
[1] "Limbo" dissolution decrees are those rendered prior to July 1, 1973 which require child support payments until a child attains twenty-one years or his age of "majority."
[2] The judgment was later amended to increase this amount to $150.00 per month per child.
[3] The parties' younger daughter had recently attained eighteen years of age and the child support payments for her were also not being received, although they were not involved in this litigation.
[4] The defenses asserted were Laches, Waiver and Estoppel, and accord and satisfaction.
[5] Shepard v. City of Palatka, 399 So.2d 1044 (Fla. 5th DCA 1981); Squitieri v. Aetna Casualty & Surety Co., 382 So.2d 730 (Fla. 5th DCA 1980); Jones v. Ryder Truck Rental, Inc., 382 So.2d 869 (Fla. 5th DCA 1980).
[6] Appellee's counsel said all the money was paid to the boys:

But we need not get to that issue today. The issue today is on the motion on Judgment on the Pleadings as I have raised it and is whether or not Mrs. Cronebaugh has any standing in this court to bring this action. The legal proposition that I am citing the court is that once an individual attained the age of 18, there may be a legal duty of support to that individual imposed by previous court order but it is to that individual and not to his mother once he has reached the age of 18 and she is no longer guardian and no longer has a proprietor's interest in the support payments due him.
[7] Often times it is the child support payments that allow a former spouse to maintain a sizable home for the children during their years of high school and college. In reality, as every parent learns at this stage, the children are away more often than not. But many families maintain their over-sized "nests," during this final transition stage.
[8] Public policy encourages the enforcement of child support obligations. The majority erodes that policy by leaving enforcement solely to the discretion of the child once he or she reaches the age of majority. Such a holding ignores the natural reluctance of a child to sue his or her parent. If equity so requires, a trial court is free to use its equitable powers to prevent an unjust double payment result. Payment directly to a child may not totally satisfy a spouse's child support obligation under a dissolution judgment. The wife to whom child support payments are payable should not be required to chase down any party the husband selects to pay in order to secure money to defray necessary child support expenses such as mortgage payments on the family home. However, the contrary should follow if the wife by her conduct has accepted or acquiesced in the manner of payment chosen by the former husband.
[9] The judgment specifically provided: "Such child support payments shall continue even though the child is away from the house of plaintiff temporarily, such as camp, school or vacation."
[10] Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975).
[11] Cf. Catches v. Catches, 409 So.2d 1199 (Fla. 1st DCA 1982) [1982 F.L.W. 475] (Evident standing of wife to seek reinstatement of contempt order for nonpayment of support after children have reached their majority).