443 So.2d 294 (1983)
Dorothy MASSEY, Appellant,
v.
Cleveland MASSEY, Appellee.
No. 82-2471.
District Court of Appeal of Florida, Third District.
December 27, 1983.
*295 Janet Reno, State Atty., and Benitta Berke, Asst. State Atty., for appellant.
DeMeo & Sherman and Thomas G. Sherman, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
SCHWARTZ, Chief Judge.
After rendering a $1,150 judgment in the mother's favor for arrearages on a 1966 child support order entered in an Alabamainitiated Uniform Reciprocal Enforcement of Support Act proceeding, the trial court granted rehearing and set it aside because the payments in question had accrued after the children turned eighteen. In doing so, it followed Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982), which holds that the mother lacks standing to recover those amounts, even under a pre-1973 award like this one which requires the father to make child support payments until twenty-one.[1] The wife appeals.
The extensive discussions contained in the three opinions in Cronebaugh make repetition unnecessary and meaningful addition impossible. We prefer and adopt the dissenting opinion of Judge Sharp in Cronebaugh, at 415 So.2d 743, as the appropriate resolution of the present issue[2] and therefore reverse the order under review and remand the cause with directions to reinstate the initial $1,150 judgment against the appellee.
Reversed.
NOTES
[1] While, unlike Cronebaugh, direct payments to the children were not involved here, that fact does not affect, see Clemons v. Flagler Hospital, Inc., 385 So.2d 1134, 1136, n. 3 (Fla. 5th DCA 1980), the alternative holding of the majority on the standing issue which was followed by the trial court but with which we disagree.
[2] We concur with Judge Sharp that, in every such instance, the mother has the right to enforce a "limbo" support order between ages eighteen and twenty-one; we would point out, moreover, that the evanescent nature of the supposed alternative remedy for enforcement  that is, an action by the children themselves  is emphasized in the present context by the dubiousness of the ability of adult children even to maintain an action under the URESA.