459 So.2d 1129 (1984)
Maxine NEWMAN, Appellant,
v.
Arthur NEWMAN, Appellee.
No. 84-658.
District Court of Appeal of Florida, Third District.
November 20, 1984.
*1130 Norman K. Schwarz and Louis Tertocha, Miami Beach, for appellant.
Jerold Feuer, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
Appellant takes this appeal from a final order of the trial court which denied her petition to adjudicate claimed arrearages of child support for which the appellee was obligated pursuant to a 1976 final judgment of dissolution. The order appealed additionally declined to hold the appellee in contempt, and dismissed the cause. The question presented for review is whether the appellant, as former custodial parent of a now-emancipated child, is entitled to seek enforcement of the claimed arrearages in child support which accrued before the child reached age eighteen. We believe she is, and accordingly, reverse the order of the trial court.
This court recently held, in Massey v. Massey, 443 So.2d 294 (Fla. 3d DCA 1983), that a mother had both the right and standing to enforce, pursuant to the Uniform Reciprocal Enforcement of Support Act, child support obligations of the father which had accrued after the children turned eighteen. The parties in Massey had agreed, prior to the effective date of section 743.07, Florida Statutes (1973) (removing the disability of non-age for all persons 18 years of age or older), that the father would pay child support until the parties' children reached age twenty-one. Massey's holding was grounded upon the dissent authored by Judge Winifred J. Sharp in Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982), pet. for rev. den., 426 So.2d 25 (Fla. 1983), another case involving a "limbo" support order.[1] While the instant case does not involve a "limbo" support order, we nonetheless find persuasive the reasoning and authorities of Judge Sharp's dissent in Cronebaugh, and again rely thereon, as we did in Massey. To reiterate,
[t]he fact that a child attains eighteen years should not make the child support obligation unenforceable by the former spouse, whether it is a post 1973 dissolution judgment or not.[11] The fact that an ostensibly third party beneficiary (the child) can, if it chooses, enforce an agreement incorporated in a judgment, should not deprive one of the parties in privity (the wife in this case) of the right to enforce the provisions of that same agreement or judgment.
[11] Cf. Catches v. Catches, 409 So.2d 1199 (Fla. 1st DCA 1982) (Evident standing of wife to *1131 seek reinstatement of contempt order for nonpayment of support after children have reached their majority).
Cronebaugh v. Van Dyke, 415 So.2d at 745 (Sharp, J., dissenting). Furthermore, we find that this result is dictated by the nature of the wife/former custodial parent's right to payment of child support in arrears. It is a vested property right which the court is required to adjudicate. Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), pet. for rev. dism., 441 So.2d 632 (Fla. 1983); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); Feder v. Feder, 291 So.2d 641 (Fla. 3d DCA 1974). Nor should this parent be deprived of the right to seek enforcement of her vested property right in the readily available forum of the dissolution proceeding because the child also ostensibly has standing to sue for enforcement of his court-ordered support obligation.[2]See Massey v. Massey, 443 So.2d at 295, n. 2 (noting the "evanescent nature of the supposed alternative remedy... an action by the [adult] children themselves....").
As to the propriety vel non of imposing upon appellee the requested sanction of contempt on remand, it appears that since the trial court had not previously adjudicated appellee in contempt prior to the child's attaining age eighteen, this sanction is not now authorized. Compare Catches v. Catches, 409 So.2d at 1200 (authorizing use of trial court's contempt authority after child had reached majority where husband had been found in contempt while child was still a minor), with Smith v. Morgan, 379 So.2d 1052 (Fla. 1st DCA 1980) (no civil contempt power to collect arrearages after child has attained majority), and Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), cert. denied, 247 So.2d 437 (Fla. 1971) (court lacked jurisdiction to punish father for contempt for failure to provide support after children attained majority).
Finally, we reject appellee's argument that the doctrine of laches should operate to bar the appellant's petition for adjudication of child support arrearages. There has been no prejudice or disadvantage caused to appellee by the delay. See Reed v. Fain, 145 So.2d 858, 868 (Fla. 1962); Stephenson v. Stephenson, 52 So.2d 684 (Fla. 1951); Pollock v. T & M Investments, Inc., 420 So.2d 99, 102 (Fla. 3d DCA 1982); Jimenez v. Jimenez, 309 So.2d 38 (Fla. 3d DCA 1975). Moreover, appellee is apparently guilty of "unclean hands" in this matter for having failed to comply with his court-ordered child support obligation or to seek modification thereof, and therefore, is not entitled to assert the defense of laches against the appellant's petition. See Williamson v. Williamson, 367 So.2d 1016, 1018 (Fla. 1979), and cases cited therein; Pollock v. T & M Investments, Inc., 420 So.2d at 102; Pennington v. Pennington, 390 So.2d 809 (Fla. 5th DCA 1980).
For these reasons, the order of the trial court under review is reversed, except insofar as it declines to find the appellee in contempt, and the cause is remanded for an adjudication of the child support arrearages claimed by appellant.[3]
Reversed and remanded.
NOTES
[1] "Limbo" dissolution decrees are those rendered prior to July 1, 1973 [effective date of § 743.07, Fla. Stat. (1973)] which require child support payments until a child attains twenty-one years or his age of "majority." Cronebaugh v. Van Dyke, 415 So.2d at 743, n. 1 (Sharp, J., dissenting).
[2] As did Judge Sharp in her Cronebaugh dissent, we also distinguish Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978), a case in which the former wife sought support for college-age children when there had been no agreement, and the final judgment of dissolution did not obligate the former husband to provide such support. In Kern, the trial court's power to review or modify its order relating to the maintenance of children of the marriage was held to be limited to the period of time in which a parent owes a duty of support to his child. Once a normal child reached majority, the parent who had legal custody of the child had no standing to seek continued support monies for that child. Sub judice, appellant does not seek continued support for the adult child, but seeks only to enforce the former husband's obligation, under the final judgment, to support the child until her majority, by collecting arrearages which accrued prior to the child's majority.
[3] We emphasize, however, that our disposition merely assures the appellant will have her petition heard. She will still have to prove the amount of the claimed arrearages, which has not previously been determined by the trial court.