484 So.2d 1282 (1986)
Sara Jane BROWN, Appellant,
v.
Robert Saul BROWN, Appellee.
No. 85-522.
District Court of Appeal of Florida, Fourth District.
February 19, 1986.
Rehearing Denied April 1, 1986.
Howard E. Horowitz, of Jacobson & Gottlieb, Hollywood, for appellant.
Alan D. Methelis, of the Law Firm of Eric H. Golden, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
The marriage of Sara Jane Brown and Robert Saul Brown was dissolved by a final judgment that incorporated a Property Settlement Agreement containing, among other things, the following provision:
7. CHILDREN'S COLLEGE EDUCATION:
The HUSBAND and WIFE agree, within the limits permitted by their financial resources to provide a college education for each of their three children who may be so qualified and desirous of attending an institution of higher learning.
Sara filed a motion to compel Robert to furnish one-half of the annual cost of one *1283 of the children's college education. The trial court granted a motion to dismiss Sara's motion on the grounds that Sara lacked standing to enforce the contractual provision because the child had reached her majority and only the adult child could enforce such a provision. We disagree and reverse.
There are a number of Florida cases that have treated this question with diverse results. One line holds that only the "adult" child can enforce such a provision,[1] while the other holds or implies that the contracting parent can seek enforcement.[2] It seems to us that the most functional result is to hold that either or both the contracting parent or the "adult" child should be able to enforce the contractual provision because such a rule seems to accomodate all situations. Surely some "adult" children will abhor the idea of suing their father or mother to enforce payment of the contractual obligation, whereas the erstwhile spouse, as contracting party, will experience no such reluctance. In other circumstances, the ex-spouse may be indifferent about enforcing the obligation on behalf of the "adult" child and thus the child should be free to proceed. As another alternative, both might sue, since both have a real interest in the end result. In any event, only one recovery can be had.
Judge Sharp, in her dissenting opinion in Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982), opined: "The fact that an ostensibly third party beneficiary (the child) can, if it chooses, enforce an agreement incorporated in a judgment, should not deprive one of the parties in privity (the wife in this case) of the right to enforce the provisions of that same agreement or judgment." 415 So.2d at 745. The Third District Court of Appeal, in Massey v. Massey, 443 So.2d 294 (Fla. 3d DCA 1983), agreed with Judge Sharp's dissent, and in Holmes v. Holmes, 384 So.2d 1295 (Fla. 2d DCA 1980), the Second District Court of Appeal held that a parent could enforce the provision on behalf of an "adult" child because the parent was a contracting party.
Such a holding does no violence to general contractual principles since we know that the "adult" child, as a third party beneficiary, has a cause of action on the contract, which may be pursued by the beneficiary. Cronebaugh (both majority and dissent); Boston Old Colony Ins. Co. v. Gutierrez, 325 So.2d 416, 417 (Fla. 3d DCA), cert. denied, 336 So.2d 599 (Fla. 1976); 4 A. Corbin, Corbin on Contracts, § 779J (1951); 2 S. Williston, A Treatise on the Law of Contracts, § 356 (3d Ed. 1959). Furthermore, the parent-promisee of the contract, having given consideration therefor and being a contracting party thereto, is entitled to enforcement. A. Corbin, supra § 812; S. Williston, supra § 392. In addition, in many of the contracts in question the promisee is a trustee in the receipt of support payments, educational funds, etc., for the benefit of the child and, as such, has the right, if not the duty, to enforce the agreement. S. Williston, supra § 392.
In view of the foregoing, we hold the trial court erred in dismissing Sara's motion to compel for the reason that she lacked standing to sue. Accordingly, the order appealed from is reversed for that reason only and the cause is remanded for further consideration.
HERSEY, C.J., and WALDEN, J., concur.
NOTES
[1] See, e.g., Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982), pet. for rev. den., 426 So.2d 25 (Fla. 1983).
[2] See, e.g., Holmes v. Holmes, 384 So.2d 1295 (Fla. 2d DCA 1980).