PER CURIAM.
This cause is before us on appeal from a final order dismissing wife’s motion for contempt and a subsequent final order dismissing wife’s motion for judgment on child support arrearages. We affirm in part and reverse in part.
In this case, the husband, pursuant to a marital settlement agreement, agreed to pay child support for the child at issue until she reached the age of 22 years or married. Contrary to that agreement, the husband ceased paying support once the child reached 18. The wife filed a motion for contempt and subsequently a motion for judgment on child support arrearages.
The trial court dismissed both of the wife’s motions on the basis of Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982). The Cronebaugh case held that a spouse did not have standing to bring suit for child support once the child reached majority. However, the majority opinion in Cronebaugh states specifically that their opinion “does not address the situation where one spouse by contract with the other has agreed to support his or her adult child but has failed to pay or provide such support.” 415 So.2d at 742, n. 11.
Additionally, in Cronebaugh, supra, the husband, unlike the instant case, was only obligated to pay child support until the child reached majority, died, married, or became self-supporting. The husband agreed to also pay each child’s college expenses. In Cronebaugh, the husband not only paid all support payments until the children reached majority, but he also continued to make these support payments to the wife until the children actually moved out of the wife’s home. After that, the husband made support payments directly to the children for their college expenses. The wife brought suit after the children were 21 years of age for the support payments not made directly to her after the children turned 18. The wife admitted that the payments had been made to the children directly but alleged that the monies were due to her.
In the instant case, the parties’ stipulation agreement does not call for termination of support until the child reaches her twenty-second birthday or marries. There is no other language calling for an earlier termination, e.g., if the child moves out of the marital home.
Accordingly, the Cronebaugh decision is not applicable to the set of facts before the court today. The husband and wife entered into a contract, their stipulated settlement, calling for support of the child beyond majority. The wife has standing to enforce the child support provision as a contracting party to the agreement. Holmes v. Holmes, 384 So.2d 1295 (Fla. 2d DCA 1980). Therefore, we reverse the trial court’s order dismissing the wife’s motion for judgment on child support arrear-ages.
However, we affirm the trial court’s order dismissing the wife’s motion for contempt. According to this court’s decision in Smith v. Morgan, 379 So.2d 1052 (Fla. 1st DCA 1980), the trial court is without jurisdiction to enforce via contempt unpaid child support installments accrued after the child has reached majority. The purpose and justification for the extraordinary remedy of contempt expires once the child at *865 tains majority. Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970).
Accordingly, the judgment below is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
BOOTH, C.J., and MILLS and SMITH, JJ., concur.