508 So.2d 781 (1987)
Ethlyn J. FRIEDMAN a/K/a Lynn J. Friedman, Appellant,
v.
Meyer FRIEDMAN a/K/a Mickey Friedman, Appellee.
No. 85-2671.
District Court of Appeal of Florida, Fourth District.
June 24, 1987.
Herman Cohen and Martin Cohen, Miami, for appellant.
Patricia Ann Ash of Harold M. Braxton, P.A., Miami, for appellee.
STONE, Judge.
This is an appeal by the former wife from a final order sustaining the former *782 husband's exceptions to a report of the general master which had determined that appellant is entitled to a judgment for child support arrearages. The trial court denied relief to the former wife because the children had reached majority. We reverse.
The fact that the children have reached eighteen is irrelevant to the right of the custodial parent to a judgment for past due support. Newman v. Newman, 459 So.2d 1129 (Fla. 3d DCA 1984), pet. for rev. denied, 466 So.2d 218 (Fla. 1985).
The cases relied on by the trial court are inapposite. Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982) (suit for sums accruing after children reached eighteen); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979) (parent cannot contract away right of child to support); Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970) (contempt remedy not available after child emancipated).
In this case the appellant is not seeking contempt, modification, nor sums due after the children reached their majority. The appellant simply moved for a judgment for sums which had accrued during the period prior to emancipation. In Newman v. Newman, 459 So.2d at 1129, the custodial parent was found to have a vested right in arrearages accruing prior to emancipation. As a result, a parent's right to a judgment is not affected by the children becoming adults. We also note that the final judgment of support being enforced had been entered in this case. See Sipe v. Sipe, 492 So.2d 679 (Fla. 1st DCA 1986).
Appellee has also alleged an insufficiency of notice of the hearing before the master. However, the record clearly reflects notice. There is no contention of payment, and although appellee notes that the amount of the recommended judgment differs somewhat from the amount of the petition, there has been no transcription made of the master's hearing. The master's report is presumed correct and the record fails to support setting it aside. See Ben-Hain v. Tacher, 418 So.2d 1107 (Fla. 3d DCA 1982); Hemminger v. Hemminger, 391 So.2d 254 (Fla. 4th DCA 1980); Ciccarelli v. Ciccarelli, 352 So.2d 1204 (Fla. 4th DCA 1977); Claughton v. Claughton, 347 So.2d 437 (Fla. 3d DCA 1977).
We therefore reverse and remand for entry of a judgment in accordance with the master's report.
DOWNEY, J., and RIVKIND, LEONARD, Associate Judge, concur.