CAMPBELL, Judge.
Appellant, Elizabeth Marie Heath Rine-hart, appeals an order of termination of child support. We reverse.
In the July 19, 1972, final judgment which dissolved the marriage of appellant and her then husband, appellee, Ronald Earl Heath, Sr., the following provision was made in regard to support for the child of the parties and the conditions upon which that support would terminate: “[T]he first payment to be made on July 28, 1972, and each Friday thereafter until the said minor reaches the age of 21 years, dies, marries or becomes self-supporting, subject to modification by further order of the court.”
The order of August 16, 1990, which appellant has brought to us for review in this appeal, provides as follows:
The former Husband, RONALD EARL HEATH, SR., shall continue to provide court ordered child support for a period of six (6) months from the entry of this Order, unless the parties [sic] son, RONALD EARL HEATH, JR., files an Affidavit with the court that he is enrolled in college or a professional training program.
In the event the parties [sic] son, RONALD EARL HEATH, JR., fails to furnish the necessary information/documentation to the Clerk of the Circuit Court, then the former Husband’s child support obligation shall automatically terminate at the expiration of the six (6) month period.
The child of the parties for whom the child support was provided will not reach the age of twenty-one until February 9, 1992. It is the burden of one seeking modification of an order to present evidence to carry that burden. Absent a finding by the trial judge that the child was self-supporting or married, the child support should not have been terminated earlier than the child’s twenty-first birthday. The intervening legislative change of the age of majority from twenty-one years to eighteen years has no effect on preexisting orders of child support establishing support until age twenty-one. Daugherty v. Daugherty, 308 So.2d 24 (Fla.1975). The child’s enrollment in college or a professional training program should have no bearing on appellant’s continued duty to pay the support for the child absent the occurrence of any of the *886 alternatives contained in the final judgment of dissolution.
Reversed and remanded for treatment consistent herewith.
SCHOONOVER, C.J., and SCHEB, J., concur.