756 So.2d 251 (2000)
Robert W. SOUTHARD, Appellant,
v.
Patricia F. SOUTHARD, Appellee.
No. 5D99-2895.
District Court of Appeal of Florida, Fifth District.
April 28, 2000.
*252 Joseph E. Miniclier of Stromire, Bistline and Miniclier, Cocoa, for Appellant Robert W. Southard.
Maureen M. Matheson of Reinman, Matheson, Kostro & Vaughan, P.A., Melbourne, for Appellee Patricia F. Southard.
COBB, J.
On May 28, 1999, the former wife, Patricia Southard, filed a motion for contempt and enforcement with the trial court which in 1985 had entered a final judgment of dissolution of her marriage to Robert Southard, such judgment having incorporated a property settlement agreement. The former wife's motion alleged that paragraph 21 of the agreement incorporated in the judgment provides:
21. The Husband agrees to pay for a four (4) year college education for the children at an accredited four (4) year school of their choice, which is acceptable to the Wife, including tuition, fees, books, cost of living and other directly related educational expenses, not to exceed Ten Thousand Dollars ($10,000.00) per child per year.
The motion then alleged that the parties' oldest child, Stephanie, had graduated from high school and was planning to attend North Carolina State University commencing in the Fall of 1999. Patricia Southard alleged that Robert Southard had failed to respond to her letter requesting his financial support for Stephanie's college plans and that she was "led to believe that [he] would fail and refuse to pay $10,000.00 towards the child's college education expenses." A copy of her letter to her former husband was appended to the motion:
Dear Bob,
It is time to think about college for Stephanie. She has been accepted to NC State. Stephanie has not received a scholarship to date and tuition is approximately $11,500 plus $4,500 for room and board. At this time, she would like to major in Bio-Medical Engineering, which is a 5 year program. The enrollment papers have been submitted and you have been designated as the payee[1] of the tuition and housing cost. Please respond by mail or email [e-mail address] so we can plan on how best to support her through college. If I do not hear from you by April 30, I have no choice but to obtain a lawyer, which I do not think either one of us would like to do.
The requested relief in the former wife's motion was that the trial court enter an order:
a. Confirming the Former Husband/Respondent's obligation to pay for the childrens' college expenses pursuant to the Final Judgment dissolving the parties' marriage;
b. Requiring the Former Husband/Respondent to pay $10,000.00 directly to the parties' oldest daughter representing her college expenses for the 1999/2000 school years;
Hearing on the motion was held on August 9, 1999, and ten days later the trial court summarily entered a money judgment, which had not been sought, for $10,000.00 against Robert Southard in favor of Patricia Southard, together with $743.12 as attorney's fees. There is no mention in the judgment of Stephanie Southard or North Carolina State University. The trial court, contrary to fundamental concepts of due process, entered a judgment unsupported *253 by the pleadings with no notice of a hearing or trial seeking any damages whatsoever from Robert Southard, and in favor of a party who was not entitled to any monetary award because she had not advanced any of the monies he was obligated to pay. The judgment is a bare bones money judgment which may be levied on by the wife, and if the levy is successful the wife is at liberty to take the money and enjoy it on a trip to Bali Hai. The judgment is not one for specific performance to require the father to pay for his daughter's education, which was the requirement of the agreement between the parties, but rather for a flat $10,000.00 to a party who is not due one penny under any known theory of contract or tort law.
The essence of a third party beneficiary contract is that it is for the benefit of a third partyi.e., the daughter in this caseand not for one of the contracting parties. The trial court's judgment violates this principle. It may well be, as assumed by the trial court, that the natural mother would put the $10,000.00 to the proper use, the daughter's college education. But there is no legal basis to ensure that resultonly the trial court's optimistic hope that the judgment creditor will do the right thing.
The cases of Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla.1983) and Department of Health and Rehabilitative Services, Child Support Enforcement v. Holland, 602 So.2d 652 (Fla. 5th DCA 1992) have been cited and argued by both parties on appeal. Those two cases are irrelevant because the rights sought to be enforced in those cases were statutory, not contractual. Consequently, no third party beneficiary concept was involved in either case.[2] In Cronebaugh, Judge Cowart's majority opinion clearly spelled out in footnote 11 at page 742:
This opinion does not address the situation where one spouse by contract with the other has agreed to support his or her adult child but has failed to pay or provide such support. For example, when a husband has agreed to pay the cost of a college education....
Judge Upchurch's concurring opinion in Cronebaugh further clarifies that the majority opinion therein did not in any way limit the right of parties to contract in a dissolution agreement or prohibit the enforcement of the agreement upon its breach.
We reverse the judgment below with the observation that the daughter, if necessary, may initiate a direct action against her father for the $10,000.00 (or the portion thereof due the college for one year).[3] On the other hand, if the daughter prefers not to initiate such litigation, the former wife may bring an action pursuant to Rule 1.210, Florida Rules of Civil Procedure, as "a party with whom or in whose name a contract has been made for the benefit of another" without joining the daughter and seek a judgment on the latter's behalf.
Whether an enforcement action is initiated by the daughter or the mother, the proper vehicle would not be a motion for contempt as utilized in the instant case; the remedy available after the child has attained majority is a judgment enforceable by ordinary civil proceedings. Wilkes v. Revels, 245 So.2d 896 (Fla. 1st DCA 1970), cert. denied, 247 So.2d 437 (Fla. 1971).
REVERSED.
*254 DAUKSCH, J., concurs.
HARRIS, J., concurs and concurs specially, with opinion.
HARRIS, J., concurring and concurring specially.
I agree that a careful reading of Cronebaugh and Holland does not conflict with the holding of the majority herein that a mother has standing to enforce rights negotiated in a property settlement agreement even if those rights are intended to benefit a child after the child becomes an adult. And while I also agree that the form of the final judgment is incompatible with the mother's cause of action, I believe that this court and the father's attorney deserve equal credit with the trial judge.
Certainly there is language in our prior cases which supports father's counsel in his decision to defend this matter exclusively on a lack of standing defense. However, once the final judgment was issued, the father was well aware of its provisions. He thus had the opportunity on motion for rehearing and on this appeal to challenge the judgement on the basis of its form. He did not. This indicates to me that the father acknowledges that his daughter's college expenses will exceed his, maximum liability and also that the mother, if she received the proceeds, would allocate such funds to the daughter's education.
Now that we have disabused the father of his notion that he can ignore his agreement to contribute toward his daughter's education unless she is willing to go face-to-face with him in court, perhaps he will not require the mother to file a new action which will make further demands on the finite resources of the court and his own resources in the form of costs and attorney's fees and will instead simply meet his obligation.
NOTES
[1] Obviously, the word "payee" was intended to be "payor."
[2] Admittedly, there is dictum in Holland that contravenes established law in regard to the enforcement of third party beneficiary contracts. It should be observed that both Cronebaugh and Holland are basically obsolete since they dealt with the "limbo cases" arising from the legislative change of the age of majority in 1973.
[3] See Fidelity & Cas. Co. of N.Y. v. Plumbing Dep't Store, 117 Fla. 119, 157 So. 506 (1934); Potts v. Potts, 615 So.2d 695 (Fla. 2d DCA 1992); Mitchell v. Combank/Winter Park, 429 So.2d 1319 (Fla. 5th DCA 1983).