429 So.2d 1319 (1983)
Carolyn Patrick MITCHELL, et al., Appellants,
v.
COMBANK/WINTER PARK, As Personal Representative of the Estate of Richard S. Patrick, Appellee.
No. 82-463.
District Court of Appeal of Florida, Fifth District.
April 20, 1983.
*1320 Ronald L. Harrop of Gurney & Handley, P.A., Orlando, for appellants.
Edward J. Hanlon, Jr., Orlando, for appellee.
*1321 COWART, Judge.
Appellants, the former wife and the children of Richard S. Patrick, deceased, filed a complaint against appellee, personal representative of the deceased's estate, in an attempt to recover certain claims made against the estate which were previously denied by the personal representative. The complaint alleges that prior to the ex-wife's and decedent's divorce in January of 1965, those parties entered into a child custody, support, alimony and property settlement agreement. In this agreement the decedent agreed to pay for "all reasonable college expenses" for the parties' children who attended college and additionally agreed that he would keep in full force and effect two life insurance policies with his ex-wife as beneficiary until she remarried in which event the children would be named as beneficiaries. The final decree of divorce ratified, confirmed and approved the agreement and ordered its performance. The complaint alleges that the parties' four children attended college prior to the decedent's death and that the decedent had not paid their reasonable college expenses and had not maintained the life insurance policies as agreed. The complaint further alleges that both of these obligations were viable claims against the estate, that claim had been made against the estate and that the personal representative had denied the claims. From a final judgment dismissing the complaint this appeal is taken.
Appellants seek to have the estate of the decedent held responsible for "all reasonable college expenses" incurred by the decedent's children and also seek to recover from the estate an amount equal to the proceeds from the life insurance policies that the decedent contracted to keep in effect but which he permitted to lapse. Count I of the amended complaint characterizes these obligations as contractual obligations stemming from the settlement agreement while Count II characterizes the obligations as ones imposed by the final judgment of dissolution. In this case the only effect of the final decree of divorce ratifying, confirming and approving the settlement agreement and ordering the parties to perform it was to augment the usual legal remedies for enforcement of the settlement agreement by adding the remedy of enforcement by contempt as to some of the provisions of the agreement. Whether or not the remedy of contempt was at one time applicable to the matters asserted in this appeal, the availability of that remedy died with the decedent. Therefore, the trial judge was correct in dismissing Count II of the complaint. Such rights as appellants may have are purely contractual obligations under the settlement agreement and are covered by the allegations in Count I of the complaint.
In the settlement agreement the deceased father agreed to pay a certain sum for legal services previously rendered the wife but did not agree to pay the cost of attorney's fees necessary to enforce the settlement agreement itself. Accordingly the trial court was correct in dismissing the complaint to the extent that it constituted a striking of the demand in the complaint for attorney's fees.
As is unfortunately common, the settlement agreement did not make it clear whether the life insurance was to be provided as a part of the settlement of marital property rights between the parties, in which case the beneficiary would be entitled to the whole amount payable upon death of the insured, or whether the insurance was provided merely as security (in which event the secured beneficiary of the policy would be entitled only to the insurance proceeds necessary to pay the obligation secured) and, if so, security for exactly what obligations that might survive the insured decedent. Primarily because the beneficiary of the insurance was keyed to change upon the wife's remarriage the trial court construed the insurance provision to not be settlement of a marital property right but to be security for other obligations in the agreement. We agree. The trial court further found that the insurance was to secure support to the children only until they were 21 years of age. As indicated below, the decedent by the settlement *1322 agreement may have assumed obligations extending beyond the children's 21st birthdays that were intended to be secured by the insurance policy agreement. However, as the policy was intended to be security only and was allowed to lapse there is now no obligation as to the insurance that exists independent of the obligations it was intended to secure. One is not entitled to recover for an obligation and then, independently, to also recover that which is only intended to secure the first obligation. Accordingly, the trial judge did not err in dismissing the complaint insofar as the complaint relates to the failure to maintain the life insurance provided in the settlement agreement.
The allegations in the complaint that the appellant-mother became obligated to, and did, pay college expenses on behalf of her children fails to state a cause of action in favor of the appellant-mother and against the decedent's estate and the complaint was properly dismissed as to her. In the absence of an agreement to do so neither the mother nor the deceased father had a legal obligation to provide a college education for their children. If the mother became in any way legally obligated to pay such expenses, that obligation resulted from her own agreement and not from any obligation imposed on her by law which the husband by the settlement assumed on her behalf.
The complaint alleges that the decedent in the settlement agreement agreed to pay all reasonable college expenses for the children who attended college; that the children incurred reasonable expenses attending college and that the decedent breached the agreement and failed to pay those expenses. The children are third party donee beneficiaries of the father's executory agreement to pay their reasonable college expenses; they are entitled to performance and, subject to limitations and other defenses, if any, have a cause of action for any breach. The decedent-father's legal obligation to pay such college expenses is not based on any legal duty of child support imposed by law but is purely contractual and based on his agreement. See Cronebaugh v. VanDyke, 415 So.2d 738 (Fla. 5th DCA 1982). It was error to dismiss the complaint as to the children's cause of action.
Accordingly, the final judgment of dismissal is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, J., and JOHNSON, CLARENCE T., Jr., Associate Judge, concur.