615 So.2d 695 (1992)
Stephen Joseph POTTS, Appellant,
v.
Joseph S. POTTS, Jr., Appellee.
No. 92-00113.
District Court of Appeal of Florida, Second District.
October 28, 1992.
Rehearing Denied December 10, 1992.
*696 Stevan T. Northcutt of Levine, Hirsch, Segal & Northcutt, P.A., Tampa, for appellant.
Jack B. Pugh, Tampa, for appellee.
CAMPBELL, Judge.
Appellant, the twenty-six-year-old son of divorced parents, argues that the court erred when it dismissed his complaint seeking to require his father to pay, as a child support obligation under a final judgment of dissolution, appellant's college expenses. We must dismiss the appeal, however, on jurisdictional grounds.
Appellant's parents were divorced in January 1980, when appellant was not quite fourteen. The divorce judgment incorporated a marital settlement agreement between appellant's mother and appellee (appellant's father), containing the following provision:
3. In addition to all other support provided for in this Agreement, Husband agrees that he will, for the benefit of the minor children and as child support, pay the following:
... .
(c) All expenses of the minor children in connection with their obtaining a four year college education, including room, board, tuition, books, clothes, medical expenses and all other reasonable living expenses.
In August 1991, appellant, now an adult, sued in his name to enforce the provision under section 61.17, Florida Statutes (1991), alleging that his father had refused to comply with it. He asked the court to determine the extent of his father's obligation and award appellant a judgment in that amount.
Appellant's father, appellee, moved to dismiss on the following grounds:
1. The complaint failed to state a cause of action.
2. The complaint failed to join appellee's former wife, an "indispensable party."
3. The court lacked jurisdiction over the matter "in that the `child' in this matter is now 26 years old, has dropped out or been dismissed from several schools."
The trial court dismissed appellant's complaint without prejudice, finding that the action "should be dismissed as a child support enforcement action." Appellant challenges that dismissal, arguing that he did, in fact, state a cause of action.
We observe initially that, while appellant probably did not state a cause of action, the court dismissed the complaint without prejudice, thus giving appellant the opportunity to file an amended complaint that would state a cause of action. The judicial labor below is not yet terminated, leaving this court without jurisdiction to entertain this appeal. Hunter v. CalMaine Foods, Inc., 449 So.2d 1314 (Fla. 5th DCA 1984); Bishop v. Kelly, 404 So.2d 1149 (Fla. 5th DCA 1981).
However, based on Mitchell v. Combank/Winter Park, 429 So.2d 1319 (Fla. 5th DCA 1983), appellant should be able to state a cause of action. The court there observed that in such situations:

*697 [C]hildren are third party donee beneficiaries of the father's executory agreement to pay their reasonable college expenses; they are entitled to performance and, subject to limitations and other defenses, if any, have a cause of action for any breach. The decedent-father's legal obligation to pay college expenses is not based on any legal duty of child support imposed by law but is purely contractual and based on his agreement.
Id. at 1322. Appellant here is likewise entitled to maintain an action against his father on purely contractual grounds.
We, accordingly, dismiss this appeal on jurisdictional grounds. Appellant is still entitled to attempt to amend his complaint to allege a cause of action.
RYDER, A.C.J., and BLUE, J., concur.