636 So.2d 759 (1994)
Curtis R. MADSON, Appellant,
v.
Barbara A. MADSON, Appellee.
No. 93-01840.
District Court of Appeal of Florida, Second District.
March 16, 1994.
*760 Robert W. Thielhelm, Jr. of Baker & Hostetler, Orlando, for appellant.
William H. Walker, St. Petersburg, for appellee.
PER CURIAM.
Curtis R. Madson (husband) appeals those portions of the trial court's orders in favor of his former wife, Barbara A. Madson (wife), which determined that the husband had a legal obligation to pay the expenses for their children's college education. We reverse.
In 1983, the trial court entered a final judgment of dissolution of marriage between the parties. The wife was awarded the primary custody of the parties' two minor children, subject to the husband's liberal visitation privileges. The trial court incorporated into the judgment a property settlement and support agreement (the agreement) entered into by the parties.
In September 1992, the wife filed a motion for contempt claiming a violation of paragraph (8) of the agreement which provided as follows: "8. The Husband expressly has a moral obligation, which he fully intends to fulfill, to provide a college education for each of his children should they so desire and should they be so qualified." The wife alleged specifically that the husband as of that date had not paid any college tuition on behalf of the parties' children.
The trial court entered an order in October 1992 that continued the hearing on the wife's motion for contempt and also ruled as follows:
That the Property Settlement and Support Agreement dated September 16, 1983, entered between the parties, in particular paragraph 8, is deemed to be a legal obligation of the Husband to provide a college education of each of his children should they so desire and should they so be qualified and not a moral obligation.
The husband objected to the October 1992 order alleging that the trial court failed to allow him the opportunity to address the issue of moral obligation versus a legal obligation. In February 1993, another hearing was held where the trial court informed the parties that it had already made the determination of a legal obligation. At the conclusion of the hearing, the trial court entered another order that included provisions requiring the husband to pay the expenses of the parties' children's college education. The appellant filed a timely notice of appeal.
The husband argues that the trial court erred in interpreting paragraph (8) of the agreement to be a legally binding contractual obligation which required him to pay for his adult children's college education. The husband contends that since paragraph (8) of the agreement is specifically written in terms of a moral rather than a contractual obligation, he is under no legal obligation to provide such support. We agree with the husband.
Absent a finding of physical or mental deficiencies, there is no legal duty to *761 pay child support beyond the age of eighteen. Stultz v. Stultz, 504 So.2d 5 (Fla. 2d DCA 1986). Even though most financially able parents willingly assist their adult children in obtaining a higher education, any duty to do so is a moral rather than a legal one, absent either a finding of legal dependence or a binding contractual agreement by the parent to pay such support. Grapin v. Grapin, 450 So.2d 853 (Fla. 1984). The husband's obligation in this case to pay college expenses is not based on any duty of child support imposed by law; rather, any obligation he has is based on the parties' agreement. See Potts v. Potts, 615 So.2d 695 (Fla. 2d DCA 1992). See also Herrero v. Herrero, 528 So.2d 1286 (Fla. 2d DCA 1988).
It is therefore necessary to determine this case on the basis of contract interpretation. Fundamental to contract interpretation is the rule that contract terms will be given their plain meaning in the absence of any evidence that the parties intended the words to have a special meaning. Bingemann v. Bingemann, 551 So.2d 1228 (Fla. 1st DCA 1989), rev. denied, 560 So.2d 232 (Fla. 1990). Where the terms of the agreement are unambiguous, the court will treat the written instrument as evidence of the meaning of the contract and the parties' intention thereto. Bingemann.
In the instant case, the agreement provided that the husband had a "moral obligation" to provide a college education for his children and that he "fully intends" to fulfill such an obligation. Since the terms "moral obligation" and "fully intends" are unambiguous, we give those terms their plain meaning. That is, the language of paragraph (8) merely acknowledged the moral obligation to provide for the children's college education and expressed the husband's desire in September 1983 to provide such. Therefore, the term "moral obligation" should not have been interpreted by the trial court as a "legal obligation" and the husband's "intention" to perform should not have been interpreted by the trial court as a promise to perform. See Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980) (no contractual basis to require former husband to provide a college education for his children where his statement indicated that he hoped to be able to send them to college).
Accordingly, we reverse and remand for the entry of an order consistent herewith.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and HALL, JJ., concur.