659 So.2d 451 (1995)
S. Donald ZOLONZ, Appellant,
v.
Lorraine ZOLONZ, Appellee.
No. 93-1270.
District Court of Appeal of Florida, Fourth District.
August 16, 1995.
J. Steven Reynolds, West Palm Beach, for appellant.
Philip J. Gouze of Philip J. Gouze, P.A., Fort Lauderdale, for appellee.
FARMER, Judge.
The principal issue arousing our attention in this appeal from an order holding the father in contempt for failing to pay child support is whether after the child has reached the age of majority the court can modify agreed child support payments for the child's higher education. We answer in the negative and reverse that part of the order under review.
The parties signed a property settlement agreement and were divorced in 1974. The document, which was adopted by the court, contained the following provision on the subject of child support:

*452 "3. SUPPORT FOR CHILD: The Husband agrees to pay to the Wife the sum of $35.00 per week as child support for the minor child of the parties, this sum to be payable through the Office of the Court Trustee of the Circuit Court of Broward County, Florida, in addition to any fees charged by the Court Trustee for this service. * * * Such payments shall continue until the said child dies, or terminates his formal education and becomes gainfully employed which shall include entry into the military service. Payments to be made in accordance with this provision shall be made on Friday of each week beginning with the first Friday following execution of this Agreement." [e.s.]
In another paragraph, they agreed:
"9. MODIFICATION: No modification or waiver of any of the terms hereof shall be valid unless in writing and executed by both parties with the same formality as this Agreement. No waiver of any breach hereof or default hereunder shall be deemed a wavier of any subsequent breach or default of the same or similar or dissimilar nature."
The final judgment ordered compliance with the agreement and reserved jurisdiction to enforce the provisions of the judgment and the incorporated agreement. The parties never agreed to any modification. The father paid the mother $140 per month, rather than $35 per week, until the child's 18th birthday on January 30, 1991, when he stopped all payments. At that time the child was a full time student at a university in Illinois.
In April 1992, the mother moved to modify the final judgment's provision for child support. She also moved to hold the father in contempt for unpaid arrearages accruing both before and after the child's majority and for failing to comply with provisions relating to the health care of the child and insurance. A general master heard the evidence and recommended that the father be found in contempt for failing to pay 4 weeks of support for each calendar year since 1974, for failing to pay any support since the child's majority, and for failing to comply with the health care cost and insurance provisions. The master also recommended that the amount of support be modified from $35 weekly to $563 monthly effective from the date of the motion for modification (April 1992). The judge accepted the recommendation and entered a final order accordingly. The father appeals.
We are unable to agree with the mother's position that the court has the power to modify the amount of agreed child support payments after the child has passed the age of majority. As the fifth district recognized in Department of Health & Rehabilitative Services v. Holland, 602 So.2d 652 (Fla. 5th DCA 1992), there are two separate and distinct legal sources for the obligation of child support. Until the child reaches majority, the law of the state of Florida imposes on a parent the obligation to support his or her minor children. See § 61.13(1)(a), Fla. Stat. (1993) (court may order any parent who owes duty of support to a child to pay support in accordance with guidelines in § 61.30); and § 743.07(2), Fla. Stat. (1993) (court may require support of person beyond age of 18 who is dependent because of physical or mental incapacity).
Contracts between the parents regarding the support of their minor children are subject to the plenary power of the state to control, regulate and discretion to enforce:
"Agreements that merely recognize a legal (statutory or common law) duty and contract as to an amount cannot limit the duty imposed by law and the legal duty of parental support is always subject to contract enforcement, any contract provision to the contrary notwithstanding."
Holland, 602 So.2d at 654. Under section 61.14(1), Florida Statutes (1993), the court has the power to modify an agreement for support payments for a minor child whenever there is a change of circumstances in the needs and abilities of the parties.
But the law does not independently impose on parents the duty of supporting their healthy, non-dependent children who have reached the age of majority. Grapin v. Grapin, 450 So.2d 853 (Fla. 1984); § 743.07(2), Fla. Stat. (1993). Thus, contracts between parents regarding the support of *453 their adult children are not subject to the regulatory power of the state in the same way that contracts as to their minor children are. Provisions as to adult children are solely governed by the contracts of the parties. Again, to borrow from Holland:
"However, purely contract-based duties cannot be impaired by `modifications' by the court and are enforceable in the same manner as any other contract obligation. Confusion results from the practice of having a trial court approve an agreement relative to child support, and ordering payment, without distinctions as to, or appreciation for the difference between, support agreements merely quantifying the amount correctly necessary to discharge a legal (statutory or common law) duty and agreements establishing a purely contractual duty to pay an agreed amount of child support. Agreements to pay support after the children's legal majority, as for college costs, are examples of the latter type."
Holland, 602 So.2d at 654.
The obligation of this father to support his child after majority was fixed by the contract of the parties. The regulatory power of the state of Florida is not available to affect, modify or change the bargain of the parties. They agreed that the father would pay $35 per week until the child dies or terminates his formal education and becomes gainfully employed. A judge must enforce this agreement when properly called upon to do so, but that judge has no power to rewrite their agreement as to the the amount paid for their adult child's support.
The father argues that "the remedy of contempt is not available," but without further elaboration. Although it might be contended that contempt is not available to enforce a purely contractual duty to pay money, as to which there is an entirely adequate legal remedy, in this case the father expressly agreed to the contempt remedy in the property settlement agreement.[1] We therefore agree with the mother that the court's contempt powers are available to enforce the father's obligation to pay contractual support after the majority of the child.
We conclude that the court erred in modifying the amount of support due after the child's 18th birthday. We find no error in any other part of his final order and affirm all other provisions. On remand, the court shall strike paragraph 2B from the recommended order adopted by the judge.
MODIFICATION REVERSED; REMAINDER AFFIRMED.
STEVENSON, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] Paragraph 8 of their agreement provides that: "[i]f either party fails in the due performance of his or her obligations hereunder, the other party shall have the right, at his or her election, * * * to enforce this Agreement by contempt proceedings if this Agreement has been incorporated into any Order or Judgment of a Court * * *."