666 So.2d 559 (1995)
Sam RICHTER, Appellant,
v.
Gloria E. RICHTER, Appellee.
No. 94-3224.
District Court of Appeal of Florida, Fourth District.
December 27, 1995.
Order Granting Reconsideration and Vacating Order in Part January 30, 1996.
*560 A. Matthew Miller of Miller, Schwartz & Miller, P.A., Hollywood, for appellant.
Andrew S. Berman of Young, Berkman, Berman & Karpf, P.A., North Miami Beach, for appellee.
GUNTHER, Chief Judge.
Appellant, Sam Richter, respondent below (Former Husband), appeals a final judgment modifying child support in favor of the appellee, Gloria E. Richter, petitioner below (Former Wife). We agree with Former Husband that the adult child support provision contained within the marital settlement agreement is not judicially modifiable. Thus, we reverse.
The parties entered into a marital settlement agreement and were divorced in 1985. The agreement, which was approved and incorporated into the final judgment, contained the following provision, inter alia, on the subject of child support:
B. Child Support: ... Between the ages of 18 and 21, if the child is enrolled and in residence in a college or university, the Husband will contribute to the Wife two-third (2/3) of his normal child support payment for each child ($100.00 weekly) until the child reaches 21, dies, marries, lives by herself (except while in college), becomes emancipated or becomes employed full-time. Otherwise, the child support remains the same as stipulated vis [sic] $150.00 a week each. That is, if the child remains living in Wife's home or does not enroll in a college or university the child support remains at $150.00 weekly each.
Thereafter in 1993, Former Wife petitioned for modification on grounds of increased needs of the minor children and Former Husband's ability to pay due to his post-dissolution good fortune. The parties stipulated to a modification of settlement agreement on all disputed issues except one which was submitted in the form of a question for the trial court's determination, as follows:
WAS THE CHILD SUPPORT AMOUNT AS STIPULATED BY THE PARTIES IN THEIR ORIGINAL AGREEMENT TO BE PAID BETWEEN THE CHILDREN'S AGES OF EIGHTEEN AND TWENTY-ONE SUBJECT TO JUDICIAL MODIFICATION?
Depending on the trial court's determination of the issue presented, the parties had agreed to alternative plans A and B. Both plans provided for a $4,000.00 per month increase in minor child support. Plan A provided for adult child support amount as specifically stated in the original settlement agreement: if the child is enrolled and in residence in college, Former Husband will pay $100.00 weekly until the child reaches twenty-one, dies, marries, lives by herself (except while in college), becomes emancipated or employed full-time; otherwise, $150.00 weekly if the child remains living in Former Wife's home and does not enroll in college. Plan B provided for a two-thirds percentage of the increased minor child support of $4,000.00 per month, or $2,666.67 for each adult child's support.
The trial court found the language in the child support provision unambiguous and answered the above question in the affirmative. As such, the trial court read the language of the child support provision to mean that Former Husband obligated himself to pay "normal" *561 child support payments in the percentages stated post minority until the children reach twenty-one years of age. Thus, Plan B was adopted.
This court's recent decision of Zolonz v. Zolonz, 659 So.2d 451 (Fla. 4th DCA 1995), squarely addresses the issue presented to the trial court. In Zolonz, we were unable to agree with the mother's position that the court has the power to modify the amount of agreed child support payments after the child has passed the age of majority. Id. at 452. Similar to the instant case, we held that the obligation of the father in Zolonz to support his child after majority was fixed by the contract of the parties. Id. at 453. As such, the regulatory power of the state of Florida is not available to affect, modify or change the bargain of the parties. Thus, a judge must enforce the parties' agreement when called upon to do so, but that judge has no power to rewrite their agreement as to the amount paid for their adult child's support. Id.
Moreover, a separation agreement is a contract subject to interpretation like any other contract. Fecteau v. Southeast Bank, N.A., 585 So.2d 1005, 1007 (Fla. 4th DCA 1991). In the absence of ambiguity, the parties' intent must be discerned from the four corners of the document. Id. Where a contract is clear and unambiguous in its terms, the court may not give those terms any meaning beyond that expressed. Id. Thus, the language itself is the best evidence of the parties' intent, and its plain meaning controls. Id.
In the instant case, the intent of the parties may be ascertained from the plain meaning of the child support provision. The parties clearly bargained for post minority child support in the specific amounts of $100.00 and $150.00 weekly, as the circumstances provide. The practical effect of Former Wife's argument is tantamount to asking the judge to rewrite the parties' agreement as to the amount paid for their adult child's support, which it cannot do. See Zolonz, 659 So.2d at 453.
In conclusion, we hold that the child support provision is unambiguous and the plain meaning controls. Accordingly, on the authority of Zolonz, we reverse the trial court's decision below.
REVERSED.
FARMER and STEVENSON, JJ., concur.

ORDER

January 30, 1996
BY ORDER OF THE COURT:
ORDERED that appellant's motion for reconsideration of order awarding attorney's fees is granted. We vacate our order dated December 27, 1995, only as to the granting of appellee's motion for appellate attorney's fees. Accordingly, we deny the appellee's motion for appellate attorney's fees dated January 18, 1995.