PATTERSON, Judge.
Paul F. Sutton (Paul), the former husband, appeals from a final judgment awarding Donna Mae Sutton (Donna), the former wife, $36,472.27, comprised of reimbursement to Donna of $22,971.67, which Donna paid in college expenses for their daughter, Tama-tha, and $13,500.60 in prejudgment interest. Donna cross-appeals and contends that the trial court erred in denying her claim for Tamatha’s graduate school expenses and giving Paul a $7,200 credit for child support overpayments. We affirm in part and reverse in part.
Paul and Donna were married in 1970. They divorced in 1974 when Tamatha was. two-and-one-half years old. They entered into a marital settlement agreement that provided Paul would pay child support until Tamatha was eighteen years of age, or completed high school, or through Tamatha’s continuous college education. In regard to Tamatha’s college expenses, the agreement provided:
5. CONTINUOUS COLLEGE EDUCATION OF CHILD.
The parties further understand and agree that they have a mutual obligation to provide for the college education of said child. The parties agree that should said child at the appropriate time be desirous of and qualifies to enroll in an institution of higher learning, the parties shall confer with regards to adopting a harmonious policy relating to said college education taking into account at the time each of the parties respective earnings and assets. In the event that the child should enroll in an institution of higher learning, however, Husband’s obligation of support as provided herein shall continue until the completion of said program of continuous college education. All further understanding relating to the payment of college education expenses shall abide a further agreement entered into by and between the parties at such time as the parties deem appropriate. In the event that the parties cannot agree upon a payment formula for said college education, the parties agree to submit said dispute to a court of competent jurisdiction for resolution.
At the trial of these proceedings, Donna testified that their attempt at “adopting a harmonious policy” regarding Tamatha’s college education consisted of a conversation at Tamatha’s high school graduation. She told Paul that Tamatha would be entering John Hopkins University. He told her that his obligation was over. Neither party chose to submit the matter to the court, and Donna proceeded to pay Tamatha’s college expenses on her own.
When Tamatha entered graduate school, Donna initiated this proceeding on December 13, 1994, by filing a “Supplemental Petition for Modification and Enforcement of Final Judgment of Dissolution of Marriage.” By the time of trial, Tamatha had completed graduate school. Donna testified that she had expended $87,980.37 for Tamatha’s college education, including graduate school.
The trial judge ruled that:
— by the terms of the marital settlement agreement, Paul was obligated to contribute to those expenses;
—• Paul’s obligation was limited to Tama-tha’s four-year undergraduate degree;
— the expenses attributed to that degree were $48,507.50;
— based upon the parties’ respective incomes during that time, Paul was obligated to pay Donna $30,171.67, less $7,200 in child support Paul overpaid during Tamatha’s graduate school, for a net amount of $22,971.67; and
— Donna was entitled to $13,500.60 in prejudgment interest.
We affirm the trial court in all respects, except for the award of prejudgment *372 interest. To arrive at the amount of $13,-500.60, the trial judge painstakingly calculated interest on the amounts he determined Paul should have contributed on a semester-by-semester basis since Tamatha entered college in 1989. Such an award of prejudgment interest is proper in regard to past due child support. See Golden v. Lewis, 647 So.2d 979 (Fla. 2d DCA 1994). Paul’s obligation to pay college expenses, however, is not child support, but rather a contractual obligation arising from the marital settlement agreement. See Potts v. Potts, 615 So.2d 695 (Fla. 2d DCA 1992); Mitchell v. Combank/Winter Park, 429 So.2d 1319 (Fla. 5th DCA 1983). Thus, we look to the terms of Paul and Donna’s agreement.
Their agreement first provides that they will share the expenses of Tamatha’s college education, but that the parties would negotiate a further agreement sometime in the future. That never occurred. Absent such further agreement, either party could seek a judicial determination of the parties’ rights and responsibilities. Therefore, Donna could have sought a judicial determination of Paul’s obligation at the time Tamatha entered college. She chose not to do so. She made no demand for a monetary contribution from Paul until she initiated this proceeding. We conclude that until the trial court entered its final judgment, which is the subject of this appeal, Paul had no knowledge of what he might be required to pay or the opportunity to pay any specified amount. His obligation was unliquidated until the trial court made its determination. We reverse the award of prejudgment interest and direct the trial court to enter an amended final judgment deleting the $13,500.60.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and LAZZARA, J., concur.