STRINGER, Judge.
Raoul Webb (Former Husband) challenges an order setting child support. The only issues meriting discussion are the Former Husband’s assertions that the trial court erred by including in his gross income the rehabilitative alimony payments he receives from the Former Wife and by making his child support payments retroactive to the date of fifing the Former Wife’s petition. We affirm the trial court’s decision on Former Husband’s first point. However, we agree the trial court erred in making the Former Husband’s child support payments retroactive to the date of fifing of the Former Wife’s petition.
The parties’ final judgment was entered April 26, 1996, nunc pro tunc, February 9, 1996. The final judgment incorporated a marital settlement agreement between the parties that provided:
The Wife may seek child support from the Husband only when: (a) the Husband has earned income of at least *221 $10,000.00 per year or more through employment or stipends; or (b) the Husband fails to be a full-time student as defined by the school he is attending.
On May 8, 1996, the Former Wife filed a petition for modification alleging that the Former Husband had earned income in excess of $10,000, and therefore, she was entitled to have an order of child support entered against the Former Husband. The trial court granted the Former Wife’s petition finding that, in 1996, the Former Husband had earned income in excess of $10,000 and ordered him to pay child support retroactive to the date of the filing of the Former Wife’s petition. In determining the Former Husband’s child support obligation, the trial court included in his gross income the rehabilitative alimony payments he receives from the Former Wife.
At the time the Former Wife filed her petition for modification, section 61.30(2)(a)9, Florida Statutes (1995), provided that a party’s gross income includes “spousal support received from a previous marriage.” While the proceedings below were pending, section 61.30(2)(a)9 was amended by chapter 96-305, Laws of Florida, which became effective May 30, 1996. The amended version of the statute provides that gross income shall include “spousal support received from a previous marriage or court ordered in the marriage before the court.” § 61.30(2)(a)9, Fla. Stat. (Supp.1996) (emphasis added). The Former Husband argues that the trial court erred in applying the 1996 amendments to section 61.30(2)(a)9 retroactively. We disagree.
“The general rule [of statutory construction] is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively.” State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995). While substantive laws create or limit rights or duties, procedural or remedial laws merely prescribe the methods by which those rights or duties will be enforced. See generally Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975).
We find that the amended portion of section 61.30(2)(a)9 did not create or limit a right or duty but merely changed the method for furthering the duties already established by section 61.30. Thus, the statute was remedial in nature, and the trial court could properly apply it retroactively.
We, however, agree with the Former Husband’s argument that the trial court abused its discretion in awarding the child support- retroactive to the date of filing. The decision to make a child support award retroactive to the date of filing the petition is within the sound discretion of the trial court. See Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992). However, the evidence presented in this case showed that the Former Husband, a self-employed engineering consultant, did not start earning income until June 1996 and that his “earned income” did not reach or exceed $10,000 until sometime after June 1996. Thus, the Former Wife’s entitlement to child support did not arise until after June 1996. Under these circumstances, the trial court abused its discretion in making the child support award retroactive to May 8,1996.
Accordingly, we affirm the trial court’s child support order but remand for recalculation of the starting date for the Former Husband’s child support payments.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, A.C.J., and GREEN, J., Concur.