816 So.2d 254 (2002)
Jerald K. CARLTON, Appellant,
v.
Donna B. CARLTON, Appellee.
No. 2D01-893.
District Court of Appeal of Florida, Second District.
May 17, 2002.
*255 Joseph J. Registrato, Tampa, for Appellant.
S. Grant Halliday of S. Grant Halliday, P.A., Tampa, for Appellee.
BLUE, Chief Judge.
Jerald K. Carlton, the former husband, signed a blank check in 1986 expecting to pay for chuck roast and banana pudding. He now appeals the trial court's finding that the intended use for the check was filet mignon and creme brulee. The order on appeal requires the Former Husband to pay $47,264.25 for his equal share of his daughter's college expenses and $25,000 for Donna B. Carlton's attorney's fees and costs. Because the trial court properly interpreted the marital settlement agreement of the parties, and there is no record to dispute the trial court's finding that the Former Husband had the ability to pay, we affirm.
After a fifteen-year marriage that produced one child, the Carltons were divorced in 1986. In an apparently amicable spirit, the Carltons signed a marital settlement agreement, which was incorporated into the final judgment of dissolution. The Former Husband was not represented by counsel at the time. The settlement agreement provided in part: "The parties shall share equally in all educational expenses for the minor child, including normal schooling, preparatory, college, graduate and post-graduate." The Former Husband has contended in all proceedings that the intent of this provision was payment for an education in a state-supported *256 university or the equivalent. The Former Wife and daughter, believing the provision was not limiting, enrolled the daughter in private, out-of-state university.
In a previous appeal from an order to pay, this court remanded for the trial court to consider the Former Husband's "ability to pay as a component of reasonableness of the tuition." Carlton v. Carlton, 670 So.2d 1129, 1130 (Fla. 2d DCA 1996). After additional proceedings on remand, the trial court ordered the Former Husband to pay $47,264.25 for his equal share of the daughter's college expenses.[1]
On appeal, the Former Husband argues that the Former Wife lacked standing to enforce the college obligation because the expenses occurred after their daughter reached majority. The Former Husband did not raise the standing issue until he was at the hearing on his motion for rehearing. We conclude that the issue has been waived. See Krivanek v. Take Back Tampa Political Comm., 625 So.2d 840, 842 (Fla.1993). We also note that the standing argument is not well taken in this case because the Former Wife has paid the entire amount of undergraduate college expenses and would be entitled to reimbursement. See Sutton v. Sutton, 701 So.2d 370 (Fla. 2d DCA 1997).
The Former Husband argues that the trial court erred by characterizing the sum due as a child support arrearage because it accrued after their daughter turned eighteen.
Absent a finding of physical or mental deficiencies, there is no legal duty to pay child support beyond the age of eighteen. Even though most parents willingly assist their adult children in obtaining a higher education, any duty to do so is a moral rather than a legal one, absent either a finding of legal dependence or a binding contractual agreement by the parent to pay such support.
Madson v. Madson, 636 So.2d 759, 760-61 (Fla. 2d DCA 1994) (citations omitted). See also Sutton, 701 So.2d at 372 (concluding that a parent's obligation to pay college expenses "is not child support, but rather a contractual obligation arising from the marital settlement agreement"). Contra Joyce v. Joyce, 563 So.2d 1126, 1128 (Fla. 1st DCA 1990) (holding that the father's contractual obligation to pay his children's college expenses was "most logically characterized as a form of child support" based on an interpretation of the parties' marital settlement agreement).
The Former Husband is primarily concerned with whether the judgment will be enforceable by contempt. The Fifth District has held that contempt is not an available remedy to enforce a marital settlement agreement's obligation for one parent to pay college expenses. Southard v. Southard, 756 So.2d 251, 253 (Fla. 5th DCA 2000). We agree that the Former Husband's obligation in this case cannot be enforced by contempt.
The Former Husband also argues that the award of $25,000 for the Former Wife's attorney's fees is unreasonable based on his ability to pay. The trial court's order expressly found that he had the ability to pay. The record lacks a transcript of the hearing where the trial court accepted evidence on this issue. Therefore, we are compelled to affirm. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979).
Although we have some sympathy for the Former Husband's contention that he *257 never intended to be responsible for the amount of educational expenses found by the trial court to be reasonable, we conclude there is no error in the order on appeal. Accordingly, we affirm.
Affirmed.
ALTENBERND and GREEN, JJ., concur.
NOTES
[1] The final order contains a scrivener's error, stating that the daughter incurred college expenses of $47,264.25 when this sum represents only the Former Husband's one-half share.