901 So.2d 290 (2005)
Scott NICOLETTI, Appellant,
v.
Nancy NICOLETTI, n/k/a Nancy Greenberg, Appellee.
Nos. 2D02-5386, 2D03-5391.
District Court of Appeal of Florida, Second District.
April 29, 2005.
*291 Jane H. Grossman of Law Office of Jane H. Grossman, St. Petersburg, for Appellant.
M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellee.
NORTHCUTT, Judge.
Scott Nicoletti and Nancy Nicoletti were divorced in 1990. In 2002, Mrs. Nicoletti filed a motion for contempt claiming that her former husband had failed to make payments toward their oldest daughter's college expenses, as required by the parties' marital settlement agreement. She also sought past due child support. In these consolidated cases, Mr. Nicoletti appeals the circuit court's two separate rulings on this motion. We reverse the order regarding college expenses and remand for further proceedings, but we affirm the order establishing child support arrearages.
The Nicolettis' marital settlement agreement, which was incorporated into the final judgment dissolving their marriage, contained the following provision:
5.c. Both parties shall contribute equally, to the best of their respective abilities, for the children's post-high school education after the age of 18.
The circuit court found that this clause was not a contractual obligation but instead *292 was "intended by the parties to be part of a continuing child support duty." Based on this finding, the court required Mr. Nicoletti to pay 73.5% of the daughter's college expenses. The order also warned that if Mr. Nicoletti failed to do so he could be held in contempt.
The circuit court erred in characterizing the provision as a support obligation rather than a contractual one. See Carlton v. Carlton, 816 So.2d 254, 256 (Fla. 2d DCA 2002). As the court in Zolonz v. Zolonz, 659 So.2d 451, 452 (Fla. 4th DCA 1995), explained, an obligation to support a child may stem from two distinct legal sources. Before the child reaches the age of majority, the State requires that a parent support his or her child. See §§ 61.13(1)(a), 61.30, Fla. Stat. (2002). After the child becomes an adult this state-mandated support obligation ceases, but the parents may contract with each other to continue to provide for the child's expenses. The settlement agreement provision at issue here specifically addressed a time after the children reached majority. As such, it imposed a contractual obligation. See Carlton, 816 So.2d at 256; Zolonz, 659 So.2d at 452-53. A contractual duty to pay for a child's college expenses cannot be enforced by contempt. See Carlton, 816 So.2d at 256; Southard v. Southard, 756 So.2d 251, 253 (Fla. 5th DCA 2000).
Moreover, the circuit court erred by modifying this contract to require Mr. Nicoletti to pay 73.5% of the expenses. See Zolonz, 659 So.2d at 453 (holding that courts may not modify contractual agreements to support adult children). The agreement stated that the parents would contribute "equally" to the college costs. By requiring Mr. Nicoletti to pay nearly three-quarters of his daughter's college costs, the circuit court essentially struck that provision from the contract.
Mrs. Nicoletti argues that the provision is ambiguous because it also states the parties shall contribute "to the best of their respective abilities." Therefore, she claims, the court could take evidence on the parties' intent. She further notes that the record does not contain a transcript of the hearing where the meaning of the clause was addressed, so we cannot ascertain what testimony might have been presented.
The order addressing this clause of the marital settlement agreement does not specifically state that the court found the provision to be ambiguous. Even if it had, an appellate court may undertake an independent assessment of a contractual provision's meaning, including whether it is ambiguous. See Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So.2d 1000, 1002 (Fla. 2d DCA 1995); see also Team Land Dev. Inc. v. Anzac Contractors, Inc., 811 So.2d 698, 699-700 (Fla. 3d DCA 2002) (noting that an initial determination of whether a contract term is ambiguous is a question of law). While the words "equally" and "to the best of their respective abilities" may appear to be at odds, these seemingly contradictory provisions must, if possible, be construed in a way that gives effect to the whole agreement. See Waksman Enters., Inc. v. Or. Props., Inc., 862 So.2d 35, 40 (Fla. 2d DCA 2003); U.S.B. Acquisition Co. v. Stamm, 660 So.2d 1075, 1080 (Fla. 4th DCA 1995). Indeed, they can be reconciled to mean that the Nicolettis must each pay an equal amount toward the expenses and the amount is determined by the contribution of the party with the lesser financial ability.
Accordingly, we hold that the provision is not ambiguous. We reverse the order regarding payment of college expenses and remand with directions to enforce the parties' contract in accordance with this opinion. *293 If the parties cannot agree on the appropriate amount each should contribute, the circuit court may conduct additional proceedings to determine the amount the least-able parent can afford, and then order each parent to pay a like amount.
The circuit court initially awarded child support arrearages at the same time it ruled on the college expenses. It then subsequently granted Mr. Nicoletti's motion for rehearing on the arrearages but again reached the same result. We affirm this ruling.
Pursuant to the marital settlement agreement, both children lived with their mother after the divorce. But the Nicolettis later stipulated that their son would begin living with his father in September 1998. The original divorce judgment required Mr. Nicoletti to pay Mrs. Nicoletti support for both children in the amount of $2000 per month. When their son came to live with him, Mr. Nicoletti began paying a smaller amount, approximately $500 per month. He filed a petition for modification of custody and child support and asked that the modification be made retroactive to the time their son started living with him. More than two years after the son's change in residence, the court entered its order of modification. It reduced Mr. Nicoletti's child support obligation from $2000 per month to $427.46 per month. But the order did not address whether the support modification would be retroactive. Mr. Nicoletti did not appeal the order or seek clarification.
While the circuit court could have reduced Mr. Nicoletti's support obligation retroactive to the date he filed his modification petition, it did not. Although a court may in its discretion give retroactive effect to a reduction in child support, retroactivity is not automatic. See Webb v. Webb, 765 So.2d 220, 221 (Fla. 2d DCA 2000); Barrs v. Barrs, 590 So.2d 980, 981 (Fla. 1st DCA 1991). Thus, because the order of modification did not specifically state that the reduction was retroactive, it had prospective application only.
For this reason, we affirm the order establishing Mr. Nicoletti's child support arrearages obligation. We note that if the circuit court is called upon to determine the parties' contribution to their children's college expenses, this arrearage amount should be included in determining Mrs. Nicoletti's ability to pay.
Affirmed in part, reversed in part.
SILBERMAN and CANADY, JJ., Concur.