SILBERMAN, Judge.
Frederick L. Wagner (the Husband) appeals the amended final judgment of disso *719 lution of marriage with respect to the alimony award to Sherry R. Wagner (the Wife) and the determination of marital debt. We affirm without discussion the award of $300 per month in permanent alimony. As to the debt issue, the Husband contends that the trial court erred in determining that a credit card debt for an adult child’s college expenses incurred just before the Wife filed her petition for dissolution was not a marital debt and was the Husband’s responsibility. We reverse and remand regarding this issue.
The parties were married for twenty-seven years. The Wife filed her petition for dissolution on June 27, 2011. The Wife had made the Husband aware by at least June 21, 2011, that she planned to serve him with the petition. On June 22, 2011, the Husband charged $6757.75 on a Discover Card and on June 23, 2011, again charged $6757.75 on the Discover Card for a total of $13,515.50. These charges were to pay an adult daughter’s expenses at Davidson College.
The Wife testified that the Husband did not discuss these charges with her and that she had never agreed to pay $13,500 in June 2011 for their daughter’s college expenses. The Wife’s agreement with her daughter was that she would have to get a loan if she wanted to attend Davidson.
The Husband testified that the parties had discussed with their daughter that they would make every effort to help her but what they could not help her with she would have to cover with loans. However, the daughter missed her financial aid application deadline. The Husband testified that they had received “the bill saying there was a whole bunch of money that was going to be due right away or she wasn’t going to be able to attend, which is what prompted” him to charge it on the Discover Card.
The trial court made a written “interim finding” that the credit card debt incurred for the college expenses was a marital debt. In its written “supplemental findings of fact,” the trial court reconsidered the issue and found that it “does not have the authority to order a parent to pay for college expenses and given the timing of the incurrence of the debt with regard to the filing of this action the appearance is that the husband has sought to have the Court assign half of that cost to the wife.” The trial court found that the debt “is not an appropriate marital debt.” The court concluded, “The Court would anticipate/hope that both parenting partners would take part in the funding of the Davidson College expenses[;] however, the Court rules that the primary responsibility for the Davidson College expenses are [sic] with the father.”
The Husband contends that the trial court erred in failing to allocate the Discover Card debt of $13,515.50 as a marital debt. The determination of whether a debt is marital or nonmarital is a question of law subject to de novo review. Jones v. Jones, 51 So.3d 547, 549 (Fla. 1st DCA 2010).
Marital liabilities include “liabilities incurred during the marriage, individually by either spouse or jointly by them.” § 61.075(6)(a)(l)(a), Fla. Stat. (2011). Unless the parties have a valid separation agreement, the date of the filing of the petition for dissolution is the cut-off date for determining whether assets and liabilities are classified as marital. See § 61.075(7). “All assets acquired and liabilities incurred by either spouse subsequent to the date of the marriage and not specifically established as nonmarital assets or liabilities are presumed to be marital assets and liabilities.” § 61.075(8). To overcome the presumption, a party must show “that the assets and liabilities are nonmarital assets and liabilities.” Id. As *720 to the valuation of marital assets and liabilities, the court has discretion to determine a date that is “just and equitable” for valuation purposes. § 61.075(7).
Because the parties did not enter into a marital settlement agreement, the pertinent date to determine whether assets and liabilities are marital or nonmarital is June 27, 2011, when the Wife filed the petition for dissolution. The Husband charged the college expenses on June 22 and 23, 2011, before the Wife filed the petition; thus, the credit card charges are presumed to be a marital debt. See § 61.075(7), (8). The Wife did not make a showing that the college charges were non-marital liabilities. See § 61.075(8).
The Wife contends that any obligation a parent has to fund the college education of an adult child is moral, not legal, and that the court cannot require a parent to pay those expenses unless the parties have contracted for them in a marital settlement agreement. See Madson v. Madson, 636 So.2d 759, 761 (Fla. 2d DCA 1994); Riera v. Riera, 86 So.3d 1163, 1167-68 (Fla. 3d DCA 2012). That is true for college expenses incurred after the petition for dissolution was filed and in the future. Here, the expenses were incurred during the marriage, albeit a few days before the petition was filed.
The trial court may consider a party’s intentional waste or depletion of marital assets to do equity and justice between the parties. Santiago v. Santiago, 51 So.3d 637, 638 (Fla. 2d DCA 2011); see also David v. David, 58 So.3d 336, 338 (Fla. 5th DCA 2011) (recognizing that intentional waste of marital assets can justify an unequal distribution). The trial court did not make a finding of waste of marital assets to justify an unequal distribution. See Rosenfeld v. Rosenfeld, 597 So.2d 835, 838 (Fla. 3d DCA 1992) (reversing determination that the husband wasted marital assets by assisting in the support of his parents). In fact, the trial court “hope[d] that both parenting partners would take part in funding the Davidson College expenses outside of Court.” Although the Wife did not favor paying the college expenses, under all the circumstances, we cannot conclude that the Husband’s actions constitute intentional waste.
Accordingly, we reverse the amended final judgment to the extent that the trial court found that the credit card charges for the Davidson expenses were not marital debt. On remand, the trial court should consider those credit card charges as marital debt and adjust its equitable distribution.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and MORRIS, JJ., Concur.