IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MATTHEW WAYNE,

      Appellant/Cross-Appellee,

 v.                                                                Case No. 5D15-3392

SUSAN EINSPAR A/K/A SUSAN ELLYN
EINSPAR-WAYNE,

      Appellee/Cross-Appellant.

_____/

Opinion filed April 21, 2017

Appeal from the Circuit Court
for Brevard County,
Kelly J. McKibben, Judge.

Richard J. Feinberg, of Law Office of
Richard Feinberg, Indialantic, for
Appellant/Cross-Appellee.

Mark S. Peters, of Eisenmenger, Blaue &
Peters, P.A., Viera, for Appellee/Cross-
Appellant.


PER CURIAM.

In this appeal, Matthew Wayne contests the Final Judgment for Dissolution of

Marriage regarding himself and his former wife, Susan Einspar. Wayne has raised ten

issues, contending that the trial court erred in: 1) distributing certain assets and debts

between the parties, including their son's school and automobile loans; 2) failing to credit

Wayne for temporary alimony payments made to Einspar between August 2011 and April

2013; 3) awarding retroactive alimony to Einspar; 4) awarding permanent alimony to Einspar; 5) determining the amount of permanent alimony; 6) placing undue emphasis on the "lifestyle" factor in determining the amount of permanent alimony; 7) declining to impute income to Einspar; 8) calculating Wayne's net monthly income; 9) requiring Wayne to carry a life insurance policy with Einspar as the beneficiary to secure his alimony obligation; and 10) excessively delaying the entry of the final judgment following the conclusion of trial. Einspar filed a two-issue cross-appeal, contending that the trial court erred in: 1) awarding credits to Wayne for payments he made towards the parties' property after the petition for dissolution of marriage was filed; and 2) including a particular promissory note in equitable distribution. We reverse regarding Wayne's first two issues but affirm without further discussion regarding all other issues.

Wayne argues first that the trial court erred in failing to categorize the parties' son's student and automobile loans as marital obligations and include them in equitable distribution. Both parties testified at trial that Einspar and their son cosigned on the car loan and Wayne cosigned on the student loans. "All assets acquired and liabilities incurred by either spouse subsequent to the date of the marriage and not specifically established as nonmarital assets or liabilities are presumed to be marital assets and liabilities." Wagner v. Wagner, 136 So. 3d 718, 719 (Fla. 2d DCA 2014). Therefore, because Wayne and Einspar entered into these loans before the petition for dissolution of marriage was filed, they were marital debts that should have been included in the equitable distribution. See id. at 720 (finding that college loans taken out unilaterally by a husband for an adult daughter the week before the wife filed a petition of dissolution of marriage were marital obligations and reversing for the trial court to adjust its equitable

2

distribution). We note parenthetically that Einspar conceded during oral argument that it was error not to classify the student and automobile loans as marital obligations. Upon remand, the trial court is directed to modify the equitable distribution in this case accordingly.

Wayne's second argument is that the trial court erred in failing to award him credits for temporary alimony payments that he made to Einspar from August 2011 to April 2013. We agree. See Serbousek v. Lucas, 191 So. 3d 539, 541 (Fla. 5th DCA 2016) ("Although . . . Former Husband paid some temporary support during the pendency of the dissolution, the trial court set out no findings on this matter. We remand for further consideration of this issue."). However, the record is unclear as to which months during this time period Wayne made alimony payments. Accordingly, we reverse and remand for the trial court to determine how many payments were made and the total amount of credits due to Wayne.

AFFIRMED in part; REVERSED in part; REMANDED.

COHEN, C.J., SAWAYA and PALMER, JJ., concur.